UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In re:                                                    ORDER

ZYPREXA PRODUCTS LIABILITY
LITIGATION                                            MDL-1596
                                                             (JBW)

------------------------------------------------------X

THIS DOCUMENT RELATES TO:

ALL CASES

------------------------------------------------------X

Jack B. Weinstein, Senior United States District Judge

## CASE MANAGEMENT ORDER NO. 6
### (REFERRAL OF DISCOVERY TO SPECIAL MASTER)

1. By Order dated December 2, 2004, and entered on December 10, 2004, after a hearing, Peter Woodin, Esquire was appointed Special Master to expedite discovery. Fed. R. Civ. P. 53.

2. Discovery is to be completed in advance of a December 5, 2005, trial date.

3. The Special Master shall oversee all issues relating to the conduct of discovery in this litigation. He shall proceed with diligence to resolve discovery disputes.

4. He shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other orders of the court.

5. He shall have the authority to communicate ex parte with the court, the Magistrate Judge, or the parties in accordance with his discretion. He shall inform the parties when he exercises this power. Upon objection of any party this practice shall terminate.

6. He shall have the authority to enter Case Management Orders relating to the advancement and scheduling of discovery. When ruling on a matter of disputed discovery, he



shall enter Orders in which he makes findings of fact and conclusions of law, and he shall report such orders promptly to the court. Unless directed by the court or believed advisable by the Special Master, the Report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts of the Report, if any, which may be confidential shall be filed under seal pending further Order of the court. Any party objecting to an Order or Report of the Special Master shall file objections with the Presiding Judge within ten days after service of the Special Master's Order or Report, including weekends and court holidays, unless the date for filing such objections falls on a weekend or court holiday, in which case such objections shall be filed no later than the next business day following such weekend or court holiday. The effect of any such Order or Report shall be stayed pending resolution of any objection.

7. Compensation, at rates mutually agreeable to the Special Master and the parties, shall be paid to the Special Master on a periodic basis by the parties, together with reimbursement for reasonable incurred expenses. He may employ other persons to provide clerical and secretarial assistance; such persons shall preserve the confidentiality of matters submitted to the Special Master for review in accordance with the terms of Case Management Order No. 3 previously entered in this action. The PSC and defendant shall split these costs evenly. Final allocation of these amounts shall be subject to taxation as costs at the conclusion of the case at the discretion of the court.

8. The Clerk shall mail a copy of this Order to the Special Master and to Liaison Counsel for the parties.

SO ORDERED.

s/Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: January 6, 2005
      Brooklyn, N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

MDL No. 1596 (JBW) (ASC)

-------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

-------------------------------------------------------x

## AFFIDAVIT OF PETER H. WOODIN

In connection with my service as court-appointed special master to expedite discovery in the above captioned litigation, I, Peter H. Woodin, hereby depose and state that I have reviewed 28 U.S.C. § 455, and I am unaware of any ground for disqualification under that statute.

_____
JULIE HEIMRATH
Notary Public, State of New York
No. 01HE6101317
Qualified in Queens County
Commission Expires 11/10/2007

_____
Peter H. Woodin

12/27/04
Date