

**MILBERG WEISS**

James M. Shaughnessy
Direct Dial: (212) 946-9476
jshaughnessy@milbergweiss.com

September 5, 2006

**VIA HAND DELIVERY**

Honorable Jack B. Weinstein
Senior United States District Judge
United States District Court for the
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201-1818

Re:   ***In re Zyprexa Products Liability Litigation***
      **MDL No. 1596 (JBW)**

Dear Judge Weinstein:

I am enclosing the Plaintiffs' Steering Committee's (the "PSC") Amended Brief In Opposition To The States' Request For Reimbursement For The Cost of Zyprexa In Medicaid Liens. The brief that was filed by the PSC on Friday was incorrect and was filed in error. I respectfully urge Your Honor to allow this letter to serve as the PSC's withdrawal of that erroneous brief and the substitution of the enclosed amended brief in its place. I apologize for any inconvenience this error has caused Your Honor or the parties.

Respectfully yours,

James M. Shaughnessy

JMS:aab
enclosure
cc:  All Counsel (via e-mail)

**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

In re: ZYPREXA PRODUCTS LIABILITY
LITIGATION
-------------------------------------------------------------------- x          MDL No. 1596 (JBW)

THIS DOCUMENT RELATES TO ALL ACTIONS

-------------------------------------------------------------------- x


### PLAINTIFFS' STEERING COMMITTEE'S AMENDED BRIEF IN OPPOSITION TO THE STATES' REQUEST FOR REIMBURSEMENT FOR THE COST OF ZYPREXA IN MEDICAID LIENS

This Court held a hearing on August 21, 2006, in an effort to determine whether

Medicare and Medicaid lien issues had been resolved among the Plaintiffs' Steering Committee

("PSC"), the federal government, and the various states. At the hearing, several states asserted

they were entitled to recover the cost of Zyprexa prescriptions paid for by the states' Medicaid

agencies, in addition to the other costs of medical care incurred by settling claimants subject to

Medicaid subrogation liens. The PSC objected to allowing recovery of the cost of Zyprexa in the

liens asserted by these states, and now provides the Court with the following memorandum in

opposition to the states' request.

### ARGUMENT

The states assert a single argument for claiming the cost of Zyprexa within their

subrogated Medicaid liens. They cite paragraph IV.L. of the Master Settlement Agreement,

which defines "lien holders" as follows:

> The lien holders and parties who hold rights through statutory
> assignments or otherwise (hereinafter referred to collectively as
> "lien holders") who must be identified are those third-party payors
> (public or private) that have paid for and/or reimbursed Claimants
> for Zyprexa and/or any drug costs, hospital expenses, medical

> expenses, physician expenses or any other health care provider
> expenses arising from or based upon the provision of medical care
> or treatment provided to the Claimant in connection with his or her
> claimed injury due to the use of Zyprexa.

The states presumably are arguing that this language creates a valid lien for the cost of Zyprexa

incurred by their respective Medicaid agencies.  It does not and can not.

First, all the language above does is to define what potential "lien holders" under the

settlement agreement might be.  It simply means that a lien holder with a valid lien for the cost of

Zyprexa is in fact a lien holder that must be addressed by a settling claimant.  This definitional

language does not create any kind of lien. Rather, it merely defines what class of potential valid

lien holders must be addressed by the settling claimants.  The states are essentially trying to

become third party beneficiaries of this agreement between the settling claimants and Eli Lilly.

However, this paragraph is not intended to confer a benefit on any third party.  Any incidental

benefit to a third party is only the result of a requirement of the settlement between the claimants

and Eli Lilly that the claimants satisfy certain classes of valid liens.

More importantly, this private agreement cannot create a valid lien where one did not

exist.  The liens defined in paragraph IV.L. arise as the result of a contractual agreement or by

operation of law.  This settlement agreement between the claimants and Eli Lilly cannot expand

or contract the scope of those liens.  While the agreement defines a potential class of lien

holders, the liens themselves are defined by contract, for example a private insurance contract, or

law, for example, state Medicaid third party reimbursement law.   The states have not asserted

any argument under their respective state Medicaid recovery statutes entitling them to recover

the cost of Zyprexa.  Ohio Medicaid recovery has led the argument that the states should reap the

benefit of the claimant's injury.  A brief review of Ohio's statute reveals the claim is without

merit.

Ohio's Medicaid recovery rights are defined by Ohio Rev. Code Ann. § 5101.58, which states: "The acceptance of public assistance gives a right of recovery to the department of job and family services and a county department of job and family services against the liability of a third party for **the cost of medical services and care arising out of injury, disease, or disability** of the public assistance recipient or participant." (emphasis added).  Clearly, there is no valid lien for the alleged cause of the injury, just the care required as a result of it.

Similarly, Mississippi has claimed the cost of the drug as part of its Medicaid subrogation reimbursement.  Its claim is also inappropriate in light of the clear statutory right of recovery granted to it under the circumstances.  Section 43-13-125(1) provides, in pertinent part, "If Medicaid is provided to a recipient under this article **for injuries, disease or sickness caused under circumstances creating a cause of action in favor of the recipient against any person, firm or corporation**, then the division shall be entitled to recover the proceeds that may result from the exercise of any rights of recovery that the recipient may have against any such person, firm or corporation to the extent of the Division of Medicaid's interest on behalf of the recipient." Miss. Code Ann. § 43-13-125(1) (emphasis added).  As with Ohio's statute, Medicaid's interest is specifically limited to what it has paid for injuries, disease or sickness caused by a potentially liable third party.  It does not provide the state with a lien for recovery of the cost of the alleged cause of the injury, disease or sickness.

Simply put, no state seeking the cost of Zyprexa in its Medicaid subrogation reimbursement has put forth a colorable claim that the cost of Zyprexa should be included. Further, it is clear that state statutes governing such rights to reimbursement do not contemplate the recovery of the alleged cause of an injury, just the costs of medical care for the injury.  The Master Settlement Agreement between the claimants and Eli Lilly does not and can not create

3

any right in the states that did not exist by virtue of their state Medicaid recovery statutes already. If a state statute of which the PSC is unaware calls for the reimbursement of Zyprexa, then that state has a valid lien that, under the terms of the MSA, must be satisfied. However, no state has put forth a valid argument based upon any statute that such recovery rights exist. The Court should deny the states request that the cost of Zyprexa be included in their Medicaid subrogation liens.

DATED:  September 5, 2006                    Respectfully submitted,


                              **MILBERG WEISS BERSHAD**
                              **& SCHULMAN LLP**


                              By:_____

                                   James M. Shaughnessy (JS-7190)
                                   Plaintiffs' Liaison Counsel
                              One Pennsylvania Plaza
                              New York, NY  10119-0165
                              Telephone:  (212) 594-5300


                              **On Behalf of the Plaintiffs' Steering**
                              **Committee**