

# STATE OF NEW YORK
## DEPARTMENT OF HEALTH

Corning Tower   The Governor Nelson A. Rockefeller Empire State Plaza   Albany, New York 12237

Antonia C. Novello, M.D., M.P.H., Dr.P.H.  
*Commissioner*

Dennis P. Whalen  
*Executive Deputy Commissioner*

**FILED**  
IN CLERK'S OFFICE  
U.S. DISTRICT COURT, E.D.N.Y.  
★ SEP 11 2006 ★  
BROOKLYN OFFICE

September 1, 2006

Hon. Jack B. Weinstein  
Senior United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, N.Y.  11201

Re: Zyprexa products liability litigation  
(04-MD-01596)

Dear Judge Weinstein:

Thank you for the opportunity to brief the Court on the issue of New York's Medicaid lien law and offsets for attorneys' fees.

New York's public assistance and Medicaid lien law is found at Social Services Law (SSL) §104-b. Section 104-b(1) provides, in part:

> If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred.

The priority of attorneys' fees is addressed at SSL §104-b(9), as follows:

> The provisions of this section [104-b] to the contrary notwithstanding, the lien herein created shall be subject and subordinate to the lien on the amount recovered by verdict, report, decision, judgment, award or decree, settlement or compromise, of any attorney or attorneys retained by any such injured person to prosecute his claim for damages for personal injuries, having or acquiring by virtue of such retainer a lien on the cause of action of any such injured person, or on the verdict, report, decision, judgment, decree made in, or any settlement or compromise of, any such action or claim for damages for personal injuries.



The New York statutory scheme does not provide for a deduction from the Medicaid lien for the purpose of providing funds for the payment of plaintiff's attorney fees. Rahl v. Hayes 73 Corporation, 99 AD2d 529. It does, however, provide that an attorney's retaining or charging lien takes priority over the Medicaid agency's lien. Hoke v. Ortiz, 193 AD2d 900.

We assume that plaintiffs' attorneys in this matter have obtained retainer agreements that provide them with enforceable liens. If that is the case, New York consents to its inclusion in the category of states that will enforce their liens through the 30% Medicaid Holdback method (with attorney's fees offset) described in section III of the Court's August 24, 2006 Order dealing with Medicaid lien resolution.

If Your Honor has any questions about New York's position in this regard, or if we can assist the Court in any other way, please contact the undersigned at 518-408-1495.

Sincerely,

Gregor N. Macmillan
Director
Bureau of Medicaid Law
Division of Legal Affairs

cc: Brian J. Wing
Marie Spencer