FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ SEP 28 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re: ZYPREXA　　　　　　　　　　　　　MEMORANDUM & ORDER
PRODUCTS LIABILITY LITIGATION

-------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　04-MD-1596 (JBW)
THIS DOCUMENT RELATES TO:

ALL ACTIONS

-------------------------------------------------------x

APPEARANCES:

For the Plaintiffs:　　SEEGER WEISS, LLP
　　　　　　　　　　　One William Street
　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　BY:　CHRISTOPHER A. SEEGER
　　　　　　　　　　　　　　DONALD A. ECKLUND

　　　　　　　　　　　MILBERG WEISS
　　　　　　　　　　　One Penn Plaza
　　　　　　　　　　　New York, New York 10119
　　　　　　　　　　　BY:　MELVYN I. WEISS

　　　　　　　　　　　DOUGLAS & LONDON
　　　　　　　　　　　111 John Street
　　　　　　　　　　　New York, New York 10038
　　　　　　　　　　　BY:　MICHAEL A. LONDON

　　　　　　　　　　　THE GARRETSON LAW FIRM
　　　　　　　　　　　9545 Kenwood Road
　　　　　　　　　　　Cincinnati, Ohio 45242
　　　　　　　　　　　BY:　MATT L. GARRETSON

　　　　　　　　　　　HERSH & HERSH
　　　　　　　　　　　2080 Opera Plaza
　　　　　　　　　　　601 Van Ness Avenue
　　　　　　　　　　　San Francisco, Ca. 94102
　　　　　　　　　　　BY:　NANCY HERSH

　　　　　　　　　　　RICHARDSON, PATRICK WESTBROOK



    & BRICKMAN, LLC  
1037 Chuck Dawley Blvd  
Post Office Box 1007  
Mt. Pleasant, South Carolina 29464  
BY:   H. BLAIR HAHN  
        THOMAS D. ROGERS

LAINER LAW FIRM, PLLC  
126 East 56th Street, 6th Floor  
New York, New York 10022  
BY:   RICHARD D. MEADOW

ABRAHAM, WATKINS, NICHOLS, SORRELS,  
    MATTHEWS & FRIEND  
800 Commerce Street  
Houston, Texas 77002  
BY:   DAVID P. MATTHEWS

HENINGER GARRISON DAVIS LLC  
2224 1st Avenue North  
Birmingham, Alabama 35203  
BY:   LEW GARRISON

BURG SIMPSON ELDREDGE HERSH JARDINE, PC  
40 Inverness Drive East  
Englewood, Colorado 80112  
BY:   SETH A. KATZ  
        MICHAEL BURG

FIBICH, HAMPTON & LEEBRON, LLP  
Five Houston Center  
1401 McKinney Street, Suite 1800  
Houston, Texas 77010  
BY:   TOMMY FIBICH

REICH & BINSTOCK  
4266 San Felipe Suite 1000  
Houston, Texas 77027  
BY:   DEBORAH LEPOW ZIEGLER

PARKER & WAICHMAN  
111 Great Neck Road  
Great Neck, New York 11021  
BY:   JASON MARK  
        JERROLD S. PARKER

HERBERT L. WAICHMAN

ALEXANDER HAWES, & AUDET, LLP
221 Main Street
Suite 1460
San Francisco, California 94105
BY:    WILLIAM M. AUDET

HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street
Cambridge, Massachusetts 02142
BY:    THOMAS M. SOBOL

SIMMONS COOPER LLC
707 Berkshire
East Alton, Illinois 62024
BY:    ERIC TERRY
TOR A. HOERMAN

MILLER & ASSOCIATES
105 North Alfred Street
Alexandria, Virginia 22314
BY:    MICHAEL MILLER
        CHRISTOPHER IDE

LEVIN, PAPANTONIO
316 South Baylen Street Suite 600
Pensacola, Florida 32502
BY:    KIMBERLEY LAMBERT
        TROY RAFFERTY

THE BEASLEY FIRM
The Beasley Building
1125 Walnut Street
Philadelphia, Pennsylvania 19107
BY:    NANCY G. RHOADS

WEITZ & LUXENBERG
180 Maiden Lane
New York, New York 10038
BY:    DAVID L. ROSENBAND
        PERRY WEITZ

WHATLEY DRAKE & KALLAS, LLC
2323 2nd Avenue North

Birmingham, Alabama 35203
BY: W. TODD HARVEY

BAILEY PERRIN BAILEY LLP
440 Louisiana Street Suite 2100
Houston, Texas 77002
BY: MICHAEL W. PERRIN

HOLLIS & WRIGHT, PC
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
BY: KATHRYN S. HARRINGTON

HANLY CONROY BIERSTEIN SHERIDAN
    FISHER & HAYES, LLP
112 Madison Avenue
New York, New York 10016
BY: JAYNE CONROY

ASHCRAFT & GEREL
2000 L Street NW Suite 400
Washington, D.C. 20036
BY: MICHAEL HEAVISIDE

ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive 7th Floor
Newport Beach, California 92660
BY: MARK ROBINSON

LOPEZ, HODES, RESTAINO, MILMAN
    & SKIKOS
450 Newport Center Drive 2nd Floor
Newport Beach, California 92660
BY: RAMON ROSSI LOPEZ

For the Defendant:  PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth & Arch Sts.
Philadelphia, Pennsylvania 19103
BY: ANDREW R. ROGOFF
       GEORGE A. LEHNER
       NINA GUSSACK

MCCARTER & ENGLISH
245 Park Avenue
New York, New York 10167
BY: SAMUEL J. ABATE, JR


For the Federal Government: OFFICE OF THE UNITED STATES
ATTORNEY
Eastern District of New York
BY: MICHAEL GOLDBERGER

CENTERS FOR MEDICARE AND
MEDICAID SERVICES
BY: BARBARA WRIGHT


For the States: STATE OF ALASKA
BY: JEFF STONE

ARKANSAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES
P.O. Box 1437
Little Rock, Arkansas 72203
BY: RICHARD DAHLGREN

CALIFORNIA DEPARTMENT OF HEALTH
SERVICES
BY: DIANA GHILARDUCCI
DAVID R. MILLER

STATE OF CALIFORNIA DEPARTMENT
OF JUSTICE
Office of the Attorney General
Bureau of Medi-Cal Fraud & Elder Abuse
110 West "A" Street Suite 1100
San Diego, California 92101
BY: ELISEO SISNEROS
BRIAN V. FRANKEL

STATE OF CONNECTICUT
BY: ROBERT B. TEITELMAN

DISTRICT OF COLUMBIA MEDICAID

        FRAUD CONTROL UNIT
BY:    JANE DRUMMEY
        JOEL ARMSTRONG

OFFICE OF THE FLORIDA ATTORNEY
        GENERAL
Medicaid Fraud Control Unit
Plaza Level-01, The Capitol
Tallahassee, Florida 32399-1050
BY:    MARK S. THOMAS

STATE OF INDIANA ATTORNEY GENERAL
Medicaid Fraud Control Unit
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
BY:    EDWARD A. MILLER
        DANIEL MILLER

KANSAS HEALTH POLICY AUTHORITY
Landon State Office Building, Room 900-N
900 SW Jackson
Topeka, Kansas 66612-1220
BY:    ROBERT R. HILLER, JR.

OFFICE OF THE KENTUCKY ATTORNEY
        GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601-8204
BY:    C. DAVID JOHNSTONE

LOUISIANA DEPARTMENT OF HEALTH
        AND HOSPITALS
Bureau of Legal Services
BY:    LAVON RAYMOND-JOHNSON
        WELDON HILL II

MARYLAND DEPARTMENT OF HEALTH
        AND MENTAL HYGIENE
300 W. Preston Street, Suite 302
Baltimore, Maryland 21201
BY:    LORIE MAYORGA

OFFICE OF THE ATTORNEY GENERAL
        OF MICHIGAN

P.O. Box 30758
Lansing, Michigan 48909
BY: BILL MORRIS

OFFICE OF THE MISSISSIPPI ATTORNEY
    GENERAL
Counsel for the Division of Medicaid
Robert E. Lee Building, Suite 801
239 North Lamar Street
Jackson, Mississippi 39201-1399
BY: CHUCK QUARTERMAN

NEW YORK STATE DEPARTMENT OF
    HEALTH
Bureau of Medicaid Law
Nelson A. Rockefeller Empire State Plaza
Albany, New York 12237
BY: GREGOR N. MACMILLAN

NEW YORK STATE OFFICE OF THE
    ATTORNEY GENERAL
120 Broadway
New York, New York 10271
BY: MARIE SPENCER

STATE OF NORTH CAROLINA
Department of Health and Human Services
Division of Medical Assistance
P.O. Box 629
Raleigh, North Carolina 27602
BY: SUSANNAH P. HOLLOWAY

OHIO ATTORNEY GENERAL
Health Care Fraud Section
150 East Gay Street 17th Floor
Columbus, Ohio 43215
BY: DREW DUFFY

OHIO DEPARTMENT OF JOBS AND
    FAMILY SERVICES
BY: JULIANE BARONE
    KATHERINE BENEDICT

OREGON DEPARTMENT OF JUSTICE
BY: MARILYN K. ODELL

PUBLIC CONSULTING GROUP
BY: KATHERINE BENEDICT

SOUTH CAROLINA DEPARTMENT OF
    HEALTH AND HUMAN SERVICES
BY: GEORGE BURNETT

TENNESSEE ATTORNEY GENERAL'S
    OFFICE
P.O. Box 20207
Nashville, Tennessee 37202
BY: MICHAEL K. BASSHAM
    PETER COUGHLAN

COMMONWEALTH OF VIRGINIA OFFICE
    OF THE ATTORNEY GENERAL
Medicaid Fraud Control Unit
900 East Main Street
Richmond, Virginia 23219
BY: ERICA JOANNA BAILEY
    TRACEY STITH
    ANGELA BENJAMIN-DANIELS

WISCONSIN DEPARTMENT OF JUSTICE
P.O. Box 7857
Madison, Wisconsin 53707-7857
BY: RICHARD A. VICTOR


For the Special Masters:    KENNETH R. FEINBERG
                            The Feinberg Group
                            The Willard Office Building
                            1455 Pennsylvania Avenue, NW
                            Suite 390
                            Washington, DC 20004-1008

Jack B. Weinstein, Senior United States District Judge:

A "request for clarification of the court's rulings by the State of Connecticut, as amicus curiae," dated September 21, 2006, has been received. Connecticut asks this court to clarify its

rulings, *see In re Zyprexa Prods. Liab. Litig*, 2006 WL 2590402 (E.D.N.Y. 2006), as they apply to the state's outstanding Medicaid liens on the recoveries of plaintiffs.

The relevant portion of the Connecticut statute applicable to this question reads as follows:

> In the case of causes of action of beneficiaries of aid under the state...medical assistance program...the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid or fifty per cent of the proceeds received by such beneficiary or such parent after payment of all expenses connected with the cause of action, whichever is less.

Conn. Gen. Stat. § 17B-94. This statute places a cap of 50% of the plaintiff's recovery on the amount that state can receive under its Medicaid liens.

Connecticut proposes that the court's instruction that the states "shall pay a share of the fees and costs for all plaintiffs from whom they recover Medicaid reimbursements...proportionate to the state's share of the gross recovery compared to the plaintiff's share," *id.* at 46, would result in the following hypothetical breakdown of a $10,000 settlement amount:

Breakdown of $10,000 Settlement Under Connecticut Law
(State's recovery limited by state statute to 50% of plaintiff's net recovery)

|  |  | Plaintiff | State |
|---|---|---|---|
| Total settlement | $10,000 | $5,000 | $5,000 |
| Attorneys' fees* | ($3,500) | ($1,750) | ($1,750) |
| Costs* | ($100) | ($50) | ($50) |
| **Net proceeds** | **$6,400** | **$3,200** | **$3,200** |

| Plaintiff payment | 50% | $3,200 |
|---|---|---|
| State holdback | 50% | $3,200 |

* assumes attorneys' fees of 35% and costs of 1% per court orders

*Letter of Connecticut dated September 21, 2006,* p. 4.

    This analysis is correct on the assumption that Medicaid in Connecticut paid $5,000 or more for treatment of the claimant as a result of the claimant's use of Zyprexa. It would also apply to any settlement where Connecticut's Medicaid paid an amount equaling 50% or more of the settlement. This may well be true of all, or nearly all, of the cases.

    In those, perhaps few, cases where Connecticut paid less than 50% of the total settlement amount towards the claimaint's treatment, a two-step process is required. First is the calculation of the "holdback" for lien purposes. The holdback amount is a cap on the state's recovery; it represents the maximum the state could receive. The above calculation method for the holdback amount in the Connecticut hypothetical is correct, but represents only the first step, before computation of the actual amount paid by, and to, Connecticut.

    The second step is needed in order to determine the amount Connecticut will actually receive from the settlement. The state must first show how much it actually paid in Medicaid costs for the plaintiff. Connecticut has chosen to calculate that amount "using a 'traditional' case-by-case approach to lien resolution." *In re Zyprexa Prods. Liab. Litig,* 2006 WL at *13.

    Continuing with the above hypothetical of a $10,000 settlement, we assume that the state had paid only $1,000 of plaintiff's medical costs, rather than $5,000 or more. Where the total settlement is $10,000; the outlay by the state is $1,000; and the holdback amount for the state is $3,200, the calculation of ultimate distribution would be:

|  |  | Plaintiff | State |
|---|---|---|---|
| Attorneys' fees | 35% | ($3,150) | ($350) |
| Attorneys' costs | 1% | ($90) | ($10) |
| **Net proceeds** |  | **$5,760** | **$640** |

| | |
|---|---:|
| **Total Disbursed** | $10,000 |

If Connecticut or any affected person wishes to object to this opinion, a formal motion should be made, accompanied by briefs. An oral hearing will be scheduled promptly at which attendance by telephone may be arranged.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Brooklyn, N.Y.
September 28, 2006