# PepperHamilton LLP
###### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Nina M. Gussack
direct dial: 215-981-4950
gussackn@pepperlaw.com

December 26, 2006

*VIA FACSIMILE*

Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: In Re Zyprexa Products Liability Action
04-MDL-1596 (JBW)

Dear Judge Weinstein:

As the Court may know, on December 15, 2006, counsel for Eli Lilly and Company learned that David Egilman, M.D., M.P.H. – a consulting expert retained by The Lanier Law Firm (and perhaps other plaintiff firms) – violated Case Management Order No. 3 by sending documents provided to him pursuant to the confidentiality provisions of CMO-3 to James Gottstein, an attorney in Anchorage, Alaska.[1] We intend to file a motion for contempt and sanctions against Dr. Egilman for his willful and deliberate violation of CMO-3, but to avoid any dispute with respect to the factual predicate of this motion, we are writing today to seek the emergency relief described below, including the issuance of an Order requiring Dr. Egilman to show cause why he should not submit to a deposition within five days and produce, prior to his deposition, all documents described in the attached Order.

By way of brief background, during the hearings with Magistrate Judge Mann and Judge Cogan on December 18, 2006, Mr. Gottstein (and his attorney) attempted to explain the

---

[1] Mr. Gottstein then quickly (as quickly as DVDs could be burned) disseminated Dr. Egilman's selective and biased collection out of the more than 11,000,000 pages produced by Eli Lilly and Company to at least 15 other individuals, including the New York Times.

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

Pepper Hamilton LLP
Attorneys at Law

Honorable Jack B. Weinstein
Page 2
December 26, 2006

process by which he received Zyprexa documents from Dr. Egilman. According to Mr. Gottstein, Dr. Egilman contacted him "out of the blue" on November 29, 2006, to advise him that he had had access to "secret Eli Lilly documents pertaining to Zyprexa." Mr. Gottstein did not have a pending case at the time, but he and Dr. Egilman agreed that Mr. Gottstein would go out and find a case that could be used as a vehicle to subpoena the Zyprexa documents from Dr. Egilman. Mr. Gottstein found a case on December 5 – although it appears even this case had little, if anything, to do with Zyprexa – and sent Dr. Egilman an Alaska state court subpoena on December 6 calling for the production of Zyprexa documents on December 20. Dr. Egilman did not notify Pepper Hamilton of this subpoena, as required by CMO-3, but instead sent a fax to the General Counsel of Lilly informing him that the production of documents was to occur on December 20. Despite Dr. Egilman's efforts to delay Lilly's counsel's involvement in this issue, we spoke with The Lanier Law Firm a full week before the announced production date, and received assurances that plaintiff's counsel had spoken with Dr. Egilman and that no documents would be produced until Lilly's motion to quash the Alaska subpoena was ruled upon.

The parties later learned that Dr. Egilman and Mr. Gottstein had conspired to issue a secret "amended" subpoena on December 11, which called for an immediate production of documents. None of the parties in the Alaska case received notice of this amended subpoena. Neither Lilly's counsel nor The Lanier Law Firm received notice of this amended subpoena. Dr. Egilman began electronically transferring documents on December 12 to Mr. Gottstein.

On December 18, 2006, Magistrate Judge Mann and Judge Cogan found this conduct violative of the Court's prior orders, and Judge Cogan issued a Mandatory Injunction, which among other things, found that Mr. Gottstein had deliberately and knowingly aided and abetted Dr. Egilman's breach of CMO-3.

Lilly intends to seek the imposition of sanctions against Dr. Egilman for his willful and deliberate violation of CMO-3, and in connection with this motion, seek the emergency relief reflected in the attached Order to Show Cause. This Order requires Dr. Egilman to show cause why he should not submit to a deposition within five days, and immediately preserve, and produce, prior to his deposition, all documents (including hardcopy documents, emails, e-documents, and voice mails) that refer or relate to his obligations under CMO-3, CMO-10, and CMO-11; his receipt of documents produced by Lilly subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, *inter alia*, dissemination of or discussions relating to the documents; and prior orders of contempt or sanctions, in any case, relating to his failure to abide by any order in such case.

**Pepper Hamilton LLP**
Attorneys at Law

Honorable Jack B. Weinstein
Page 3
December 26, 2006

> We are available to discuss this emergency request at the Court's convenience.
>
> Respectfully,
>
> *Nina M. Gussack*
>
> Nina M. Gussack

NMG/

cc: Alex Reinert, Esquire (counsel for Dr. Egilman)
Special Master Peter H. Woodin
Richard D. Meadows, Esquire (The Lanier Law firm)
William Audet, Esquire (Plaintiffs' Steering Committee)
James M. Shaughnessy, Esquire (Plaintiffs' Steering Committee)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY　　:　　MDL No. 1596
LITIGATION　　　　　　　　　　　　　　　　:
---------------------------------------------------------X
THIS DOCUMENT RELATES TO:　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:　　**ORDER TO SHOW CAUSE ISSUED TO**
ALL ACTIONS　　　　　　　　　　　　　　　　:　　**DAVID EGILMAN, M.D., M.P.H.**
　　　　　　　　　　　　　　　　　　　　　　　　　:

---------------------------------------------------------X

It is hereby ORDERED that David Egilman show cause before this Court, via teleconference, on December 27, 2006, at _____ why an order should not be issued:

　　1.　　Requiring Dr. Egilman's deposition within 5 days; and

　　2.　　Requiring Dr. Egilman to immediately preserve, and produce, prior to his deposition, all documents (including hardcopy documents, emails, e-documents, and voice mails) that refer or relate to his obligations under CMO-3, CMO-10, and CMO-11; his receipt of documents produced by Lilly subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, *inter alia*, dissemination of or discussions relating to the documents; and prior orders of contempt or sanctions, in any case, relating to his failure to abide by any order in such case.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SO ORDERED

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Jack B. Weinstein
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior District Judge

Dated: December 26, 2006
　　　　Brooklyn, New York