# PepperHamilton LLP
###### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Nina M. Gussack
direct dial: 215-981-4950
gussackn@pepperlaw.com

January 2, 2007

**VIA ECF**

Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    In Re Zyprexa Products Liability Action
                   04-MDL-1596 (JBW)

Dear Judge Weinstein:

      As the Court may know, on December 15, 2006, counsel for Eli Lilly and Company learned that David Egilman, M.D., M.P.H. violated Case Management Order No. 3 by sending documents provided to him pursuant to the confidentiality provisions of CMO-3 to James Gottstein, an attorney in Anchorage, Alaska.[1] After a hearing on December 18, 2006, Judge Cogan found that Mr. Gottstein had deliberately and knowingly aided and abetted Dr. Egilman's breach of CMO-3.

      We intend to file a motion for contempt and sanctions for Mr. Gottstein's willful and deliberate violation of CMO-3, and for his continued failure to comply with Judge Cogan's December 18, 2006 Order, but to avoid any dispute with respect to the factual predicate of this motion, we are writing today to seek the emergency relief described below, including the issuance of an Order requiring Mr. Gottstein to show cause why he should not submit to a

---

[1] Mr. Gottstein then quickly (as quickly as DVDs could be burned) disseminated Dr. Egilman's selective and biased collection out of the more than 11,000,000 pages produced by Eli Lilly and Company to at least 15 other individuals, including the New York Times.

Pepper Hamilton LLP
Attorneys at Law

Honorable Jack B. Weinstein
Page 2
January 2, 2007

deposition within five days and produce, prior to his deposition, all documents described in the attached Order.

By way of brief background, during the hearings with Magistrate Judge Mann and Judge Cogan on December 18, 2006, Mr. Gottstein (and his attorney) attempted to explain the process by which he received Zyprexa documents from Dr. Egilman. According to Mr. Gottstein, Dr. Egilman contacted him "out of the blue" on November 29, 2006, to advise him that he had had access to "secret Eli Lilly documents pertaining to Zyprexa." Mr. Gottstein did not have a pending case at the time, but he and Dr. Egilman agreed that Mr. Gottstein would go out and find a case that could be used as a vehicle to subpoena the Zyprexa documents from Dr. Egilman. Mr. Gottstein found a case on December 5 – although it appears even this case had little, if anything, to do with Zyprexa – and sent Dr. Egilman an Alaska state court subpoena on December 6 calling for the production of Zyprexa documents on December 20. Dr. Egilman did not notify Pepper Hamilton of this subpoena, as required by CMO-3, but instead sent a fax to the General Counsel of Lilly informing him that the production of documents was to occur on December 20. Despite efforts to delay Lilly's counsel's involvement in this issue, we spoke with The Lanier Law Firm a full week before the announced production date, and received assurances that plaintiff's counsel had spoken with Dr. Egilman and that no documents would be produced until Lilly's motion to quash the Alaska subpoena was ruled upon.

The parties later learned that Dr. Egilman and Mr. Gottstein had conspired to issue a secret "amended" subpoena on December 11, which called for an immediate production of documents. We understand that none of the parties in the Alaska case received notice of this amended subpoena. Neither Lilly's counsel nor The Lanier Law Firm received notice of this amended subpoena. Dr. Egilman began electronically transferring documents on December 12 to Mr. Gottstein.

On December 18, 2006, Magistrate Judge Mann and Judge Cogan found this conduct violative of the Court's prior orders, and Judge Cogan issued a Mandatory Injunction, which among other things, found that Mr. Gottstein had deliberately and knowingly aided and abetted Dr. Egilman's breach of CMO-3.

Lilly intends to seek the imposition of sanctions against Mr. Gottstein for his willful and deliberate violation of CMO-3, and in connection with this motion, seek the emergency relief reflected in the attached Order to Show Cause. This Order requires Mr. Gottstein to show cause why he should not submit to a deposition in New York City within five days, under the supervision of Special Master Peter H. Woodin, and produce, prior to his deposition, copies of any and all documents and information including, but not limited to, all computer(s), hard-drives, other electronic storage media, hardcopy documents, emails, e-documents, text messaging, instant messaging, phone records and voice mails, that refer or relate

Pepper Hamilton LLP
Attorneys at Law

Honorable Jack B. Weinstein
Page 3
January 2, 2007

to Zyprexa; his efforts to find a case that could be used as a vehicle to subpoena documents from Dr. Egilman; his efforts to obtain and serve a subpoena on Dr. Egilman and the parties in his Alaska action; his receipt of documents produced by Eli Lilly and Company subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, but not limited to, his dissemination of or discussions relating to the documents; his communications with Dr. Egilman; his communications with any person, organization or entity who received these documents including, but not limited to, Terrie Gottstein, Jerry Winchester, Alex Berenson, Dr. Peter Breggin, Dr. Grace Jackson, Dr. David Cohen and Bruce Whittington, Dr. Stefan Kruszewski, Laura Ziegler, Judi Chamberlin, Vera Sherav, Robert Whitaker, Steve Shaw, Will Hall, Singeha Prakash, or anyone associated with the Alliance for Human Research Protection or MindFreedom; and his efforts to comply with the Court Order of December 18, 2006, including, but not limited to, his efforts to retrieve these documents from the individuals to whom they were improperly disseminated.

We are available to discuss this emergency request at the Court's convenience.

Respectfully,

*Nina M. Gussack*

Nina M. Gussack

NMG/

cc: John McKay, Esquire (counsel for Mr. Gottstein) (via email)
Special Master Peter H. Woodin (via email)
Richard D. Meadows, Esquire (The Lanier Law firm) (via email)
James M. Shaughnessy, Esquire (Plaintiffs' Steering Committee) (via email)

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY         :    MDL No. 1596
LITIGATION                                :
------------------------------------------------------X
THIS DOCUMENT RELATES TO:                 :
                                          :    ORDER TO SHOW CAUSE ISSUED TO
ALL ACTIONS                               :    JAMES B. GOTTSTEIN, ESQUIRE
                                          :

------------------------------------------------------X
```

It is hereby ORDERED that James B. Gottstein, Esquire, show cause before this Court, via teleconference, on January ____, 2007, at _____ why an order should not be issued:

1.   Requiring Mr. Gottstein's deposition within 5 days in New York City, which shall be supervised by Special Master Peter H. Woodin, and shall continue day-to-day without regard to length, until Special Master Woodin determines that it is completed; and

2.   Requiring Mr. Gottstein to immediately produce – to Nina M. Gussack, Esquire at Pepper Hamilton LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA, 19103 – copies of any and all documents and information including, but not limited to, all computer(s), hard-drives, other electronic storage media, hardcopy documents, emails, e-documents, text messaging, instant messaging, phone records and voice mails, that refer or relate to Zyprexa; his efforts to find a case that could be used as a vehicle to subpoena documents from Dr. Egilman; his efforts to obtain and serve a subpoena on Dr. Egilman and the parties in his Alaska action; his receipt of documents produced by Eli Lilly and Company subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, but not limited to, his dissemination of or discussions relating to the documents; his communications with Dr. Egilman; his communications with any person, organization or entity who received these documents

including, but not limited to, Terrie Gottstein, Jerry Winchester, Alex Berenson, Dr. Peter Breggin, Dr. Grace Jackson, Dr. David Cohen and Bruce Whittington, Dr. Stefan Kruszewski, Laura Ziegler, Judi Chamberlin, Vera Sherav, Robert Whitaker, Steve Shaw, Will Hall, Singeha Prakash, or anyone associated with the Alliance for Human Research Protection or MindFreedom; and his efforts to comply with the Court Order of December 18, 2006, including, but not limited to, his efforts to retrieve these documents from the individuals to whom they were improperly disseminated.

3. Requiring Mr. Gottstein, if anything responsive to this Order has been deleted or destroyed, to produce any and all relevant computers – to Nina M. Gussack, Esquire at Pepper Hamilton LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA, 19103 – to permit forensic examination and recovery of such documents.

_____
Hon. Jack B. Weinstein
Senior District Judge

Dated: January ___, 2007
       Brooklyn, New York