UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY      :  MDL No. 1596
LITIGATION                                                     :
------------------------------------------------------------X
THIS DOCUMENT RELATES TO:                    :
                                                                       :  ORDER REGARDING
ALL ACTIONS                                              :  DAVID EGILMAN, M.D., M.P.H.
                                                                       :
                                                                       :
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 0 3 2007 ★
BROOKLYN OFFICE

      Upon consideration of the moving party's request for an Order to Show Cause, the response of David Egilman, M.D., M.P.H., and having heard oral argument, IT IS HEREBY ORDERED that:

      1. Dr. Egilman shall be deposed, on a date agreeable to the parties, but no later than January 4, 2007 in New York City. The deposition shall be supervised by Special Master Peter H. Woodin, and shall continue day-to-day without regard to length, until Special Master Woodin determines that it is completed;

      2. Dr. Egilman shall immediately preserve any and all documents and information including, but not limited to, all computer(s), hard-drives, other electronic storage media, hardcopy documents, emails, e-documents, text messaging, instant messaging, phone records and voice mails, that refer or relate to Zyprexa; his obligations under CMO-3, CMO-10, and CMO-11; his receipt of documents produced by Eli Lilly and Company subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, but not limited to, his dissemination of or discussions relating to the documents; his retention by any person, entity or organization in connection with Zyprexa litigation; billing records or invoices for services rendered to any person in connection with Zyprexa litigation; payments received by Dr. Egilman from any person, entity

or organization in connection with Zyprexa litigation; or his prior relationship with any person, organization or entity who received documents given by Dr. Egilman to Mr. Gottstein, including Mr. Gottstein; and

    3. Dr. Egilman shall produce – to Nina Gussack, Esquire at Pepper Hamilton LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA, 19103 – by no later than January 2, 2007 at 10:00 a.m., copies of any and all documents and information including, but not limited to, all computer(s), hard-drives, other electronic storage media, hardcopy documents, emails, e-documents, text messaging, instant messaging, phone records and voice mails, that refer or relate to Zyprexa; his obligations under CMO-3, CMO-10, and CMO-11; his receipt of documents produced by Eli Lilly and Company subject to the protective orders in this case; his receipt of information about these documents; communications he had with anyone relating to these documents, including, but not limited to, his dissemination of or discussions relating to the documents; his retention by any person, entity or organization in connection with Zyprexa litigation; billing records or invoices for services rendered to any person in connection with Zyprexa litigation; payments received by Dr. Egilman from any person, entity or organization in connection with Zyprexa litigation; or his prior relationship with any person, organization or entity who received documents given by Dr. Egilman to Mr. Gottstein, including Mr. Gottstein. If anything responsive to this Order has been deleted or destroyed, any and all relevant computers shall be produced – to Ms. Gussack at Pepper Hamilton LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA, 19103 – by no later than January 2, 2006 at 10:00 a.m., to permit forensic examination and recovery of such documents.

4. Dr. Egilman shall further be prepared to testify about any prior Orders of contempt or sanctions, in any case, relating to his failure to abide by any order in such case.

SO ORDERED

Hon. Jack B. Weinstein
Senior District Judge

Dated: December 28, 2006
Brooklyn, New York