Fred von Lohmann (FV 3955)
*Appearing pro hac vice*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell St.
San Francisco, CA 94110
(415) 436-9333 x123
fax (415) 436-9993
fred@eff.org

Attorney for non-party John Doe

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 19 2007 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re: ZYPREXA PRODUCTS LIABILITY LITIGATION

No. 04-MDL-01596 (JBW)

SUPPLEMENTAL BRIEF FOR CLARIFICATION OF INJUNCTION

John Doe files this supplemental brief in support of his Notice of Motion and Motion for Reconsideration or in the Alternative for Stay Pending Appeal, filed January 8, 2007 ("Doe Br."), seeking clarification of this Court's January 4, 2007 Order for Temporary Mandatory Injunction ("January 4 Order"). If the Court intends to dissolve the January 4 Order and replace it with permanent injunctive relief, Doe respectfully asks that this brief be construed as a brief in opposition to such relief, incorporating by reference the arguments made in his January 8, 2007 submission.

I.  **The Lilly Documents Remain Available on the Internet.**

During this Court's January 8, 2007 hearing, counsel for Eli Lilly represented that the Eli Lilly documents allegedly disseminated by Dr. Egilman ("Lilly Documents") were no longer available anywhere on the Internet. That representation appears to have been incorrect. The Lilly Documents were available for immediate download from at least two sources as of January 9, 2007, at least one of which appears to be located outside the United States. (Decl. of Laura R.



Mason, attached as Exhibit A). Moreover, a law professor at the Western New England School of Law reported on his weblog on January 8, 2007 that he was able to download the Lilly Documents within *19 minutes* of beginning a search for them online. (William G. Childs, "Protective Orders and the Internet," TortsProf Blog, Jan. 8, 2007, attached as Exhibit B). In short, it appears that the Lilly Documents remain readily available on the Internet. Meanwhile, public interest in the controversy surrounding the documents continues, and Eli Lilly has just itself established a new website devoted to disputing the analysis of Lilly Documents that recently appeared in *The New York Times*. *See* ZyprexaFacts.com, <http://zyprexafacts.com>.

## II. The Relief Sought by Doe is Narrow, Seeking Only to Clarify the Scope of the Court's Injunction.

The relief sought by John Doe here is narrow and should be uncontroversial. He asks that the scope of Court's January 4 Order (as well as any subsequent order) be clarified in two ways.

First, he asks that the court's orders be clarified as follows:

> "Notwithstanding the foregoing, this Order only binds nonparties who have notice of this Order and (a) are legally identified with a party or person directly bound by Case Management Order No. 3 ("CMO-3"); or (b) are in active concert with, participating with, or aiding and abetting a party or person directly bound by CMO-3. Nothing in this Order restrains independent actions taken by nonparties on their own behalf."

This clarification simply restates the outer limit of this Court's injunctive authority, whether under Federal Rule of Civil Procedure 65 or any other source of equitable power. *See* Doe Br. at 5-6 (citing cases). The clarification, however, is critical in light of the chilling effect on First Amendment interests created by ambiguity regarding the scope of the Court's injunction. *See* Doe Br. at 6-9. Counsel for Eli Lilly, for example, has already cited this Court's orders in "takedown" demands issued to independent third parties. *See* Doe Br. at 3 & n.4 (describing Dec.

2

discretion to permit anonymous appearances by nonparties. *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110-11 (E.D.N.Y. 2003) (canvassing the "assortment of tests involving a variety of factors" used by courts in exercising discretion to permit anonymous plaintiffs).

In the instant case, the Court should permit Doe to proceed anonymously for four reasons. First, Doe is a nonparty who has been drawn into this matter by Eli Lilly's *ex parte* (as to Doe) request to expand this Court's December 29, 2006, Temporary Mandatory Injunction to include the Wiki. Accordingly, his position is fundamentally different from that of an anonymous plaintiff seeking money damages from a private defendant. *See id.* at 110 (noting risk of unfairness to a defendant having to litigate against an anonymous plaintiff).

Second, Doe seeks to appear anonymously to vindicate his First Amendment right to speak anonymously. It would be perverse, indeed, if an anonymous speaker were forced to forgo his anonymity in order to vindicate his First Amendment rights. In fact, courts routinely permit those with anonymous free speech interests to appear anonymously to contest subpoenas aimed at revealing their identities. *See Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004); *Doe v. 2TheMart.Com, Inc.*, 140 F.Supp.2d 1088 (W.D.Wash.2001); *cf. City of San Diego v. Roe*, 543 U.S. 77 (2004) (discharged employee entitled to proceed anonymously to assert First Amendment violation); *Doe v. Supreme Ct. of Fla.*, 734 F. Supp. 981 (S.D. Fla. 1990) (anonymous plaintiff permitted to bring constitutional challenge against prior restraint on speech).

Third, Eli Lilly will suffer no prejudice if Doe proceeds anonymously. Doe here seeks solely a clarification regarding the scope of this Court's injunctions barring the dissemination of the Lilly Documents. Doe has not asked this Court to make any factual findings regarding his (or anyone else's) relationship to any individuals bound by CMO-3. Instead, the issues raised by

5

In addition, Doe respectfully requests, in the alternative, a stay of any order that may apply to his constitutionally protected speech activities pending appellate review.

Date: January 12, 2007

Respectfully submitted,

Fred von Lohmann, FV-3955
*Appearing pro hac vice*
Electronic Frontier Foundation
454 Shotwell St.
San Francisco, CA 94110
(415) 436-9333 x123
fax (415) 436-9993
fred@eff.org

*Attorney for nonparty John Doe*

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ZYPREXA PRODUCTS LIABILITY LITIGATION | No. 04-MDL-01596 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

## DECLARATION OF LAURA R. MASON IN SUPPORT OF JOHN DOE'S SUPPLEMENTAL BRIEF FOR CLARIFICATION OF INJUNCTION

I, LAURA R. MASON, declare as follows:

1. I am a law student at the UC Berkeley School of Law (Boalt Hall). I am also an intern at the Electronic Frontier Foundation. I make this declaration based upon my personal knowledge.

2. On January 9, 2007, I successfully downloaded the Zyprexa memos from two separate locations.

3. To determine whether copies of the Zyprexa memos are available on the internet, I visited Wikipedia, an online encyclopedia located at http://www.wikipedia.org. Using "Zyprexa" as a search term, I found an entry on the site devoted to Olanzapine and Zyprexa.

4. Entries on Wikipedia are organized by topic. Under the "Legal" topic section I found two footnotes with links to locations where I was able to download the Zyprexa memos:

1

  a. Footnote 8 provides a link to a site where the Zyprexa memos can be downloaded using a program called Tor.

    i. Tor is a free software program that enables users to communicate anonymously through the internet. It also allows users to anonymously post information for others to download.

    ii. Using Tor, I was able to download the Zyprexa memos at the above listed site.

  b. Footnote 10 provides a link to a site where the Zyprexa memos can be downloaded using a program called Bit Torrent.

    i. The address of the site ends in a ".cx" top-level domain, suggesting that the site is hosted on a server on Christmas Island, a territory of Australia.

    ii. Bit Torrent is a free software program that allows users to efficiently download and share files on the internet.

    iii. Using Bit Torrent, I was able to download the Zyprexa memos at the above listed site.

5. On both sites, the Zyprexa memos were available for download as a single compressed file with the filename "ZyprexaKills.tar." File compression is commonly used to place multiple documents into a single output file. The single output file is called an "archive." The process of opening an archive is known as "extraction." I was able to extract the Zyprexa memos using a free software program called PowerArchiver.

2

6. Each archive contains 356 TIFF files and 2 PDF files. The documents in the two archives appear to be identical.

7. An examination of a random sample of the files suggests that these are the internal Eli Lilly documents referenced in the series of articles regarding Zyprexa recently published by *The New York Times*.

   a. File ZY1 00008872, from the "Zyprexa Physician Strategy and Consulting Conference," contains an analysis of the weight gain experienced by patients taking Zyprexa.

   b. File ZY1 00090009 is entitled "Defending Zyprexa on Hyperglycaemia/Diabetes."

   c. File ZY1 00649495 is Jason's Streit's "Analysis of U.S. Data (1/1/99 – 12/31/99) Regarding Olanzapine and Hyperglycemia."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is made and executed by me in San Francisco, California, on January 11, 2007.

_____
Laura R. Mason

3

# Exhibit B

# TortsProf Blog
## A Member of the Law Professor Blogs Network

### Blog Editor

**William G. Childs**
Assistant Professor of Law
Western New England School of Law
- Web Profile
- Email

### Resources

**About TortsProf Blog**
- Email Editor Comments & Content

**Find Torts Profs**
- Google Scholar
- SSRN
- Law Schools

**Free Legal Web Sites**
- Findlaw
- JURIST

### Blogware

Powered by TypePad

### Notices

© Copyright 2006 by Law Professor Blogs, LLC. All rights reserved.

---

« Updated: Zyprexa Documents Update | Main | Praise Be, Joe Jamail Has Returned! »

## January 8, 2007

### Protective Orders and the Internet

After I posted the earlier Zyprexa update (and after some grading and lunch, thank you), I thought I'd see how long it would take a geeky but uninvolved law professor to find the documents.

Started looking around at 1:00. Found them and started the download at 1:19. Got to learn more about Tor, too. 19 minutes. Update: Once I thought of the better approach (which on better days I would have tried first), it was less than 30 seconds.

(I canceled the download and do not have the documents, nor will I direct anyone as to where the documents might be. I am reasonably confident that what I found is in fact what it purports to be, but it might also be 270 MB of yak herders yodeling.)

As I now observe PoL suggested, that bell has rung.

January 8, 2007 in Experts & Science, MDLs and Class Actions, Products Liability | Permalink

### TrackBack

TrackBack URL for this entry:
http://www.typepad.com/t/trackback/7421382

Listed below are links to weblogs that reference Protective Orders and the Internet:

» Zyprexa protective order enforcement II from PointOfLaw Forum
(Earlier: Dec. 20.) Bill Childs has a good



**Network Sponsor**

FOUNDATION PRESS
FIRST WITH THE FINEST

THOMSON
RIA

THOMSON
WEST

Global Issues Workshop During AALS

January 3, 2007 · Washington D.C.

Incorporate Global Issues Into Your Classes
Civil Procedure ✦ Property ✦ Contracts ✦ Criminal Law ✦ Corporations ✦ Constitutional Law ✦ Torts

Click here to learn more! ▶ ▶ ▶

Organized by the Pacific McGeorge Center for Global Business, and hosted by the Georgetown University Law Center

Christie, Meeks, Pryor and Sanders' Cases & Materials on the Law of Torts, 4th
- Table of Contents
- Request Review Copy
- Purchase a Copy

update and roundup of links with the latest developments in the Egilman/Gottstein document leak scandal. As this anti-Lilly activist site shows, however, Gottstein may have disseminated the documents so widely... [Read More]

Tracked on Jan 8, 2007 1:37:21 PM

## Comments

### Post a comment

Name:

Email Address:

URL:

Remember personal info?

Comments:

Preview | Post

# CERTIFICATE OF SERVICE

*In re: Zyprexa Products Liability Litigation*

I, Fred von Lohmann, am over the age of eighteen years and am not a party to the within action. I am employed in the County of San Francisco, CA.

On the date set forth below, following ordinary business practices, the following documents described as:

## Supplemental Brief for Clarification of Injunction

were sent via facimile and email at the offices of my employer, ELECTRONIC FRONTIER FOUNDATION, located at 454 Shotwell Street, San Francisco, CA 94110 to:

1. Nina M. Gussak, Pepper Hamilton LLP (215) 981-4307 (gussackn@pepperlaw.com)
2. Sean P. Fahey, Pepper Hamilton LLP (215) 981-4307 (faheys@pepperlaw.com)
2. William M. Audet, Audet & Partners LLP (415) 576-1776 (waudet@audetlaw.com)
3. James M. Shaughnessy, Milberg Weiss & Bershad LLP (212) 868-1229 (jshaughnessy@milbergweiss)
4. Samuel J. Abate, Jr., Esq., McCarter and English LLP 212-935-1893 (sabate@mccarter.com)
5. Richard D. Meadows, Esq., The Lanier Firm (212) 421-2878 (no email available)

I declare under penalty of perjury under the laws of the State of California and New York that the foregoing is true and correct and that this declaration was executed on this day in San Francisco, California.

DATE: 1/12/07

Fred von Lohmann

In re: Zyprexa Product Liability Litigation
Case No. 04-MDL-01596 JBW
Proof of Service.

1