UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

MEMORANDUM ON
COOPERATION BETWEEN
FEDERAL AND STATE
JUDGES

-----------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

04-MD-1596 (JBW)

-----------------------------------------------------------x

JACK B. WEINSTEIN, Senior United States District Judge:

To: All state judges handling "Zyprexa-diabetes" cases
Re: Plaintiffs' Attorneys' Fees in "Zyprexa-diabetes" Cases

1. Before me are hundreds of cases against Eli Lilly & Company involving claims of diabetes-related injuries allegedly arising from the use of the antipsychotic drug Zyprexa. These cases were transferred to my court for discovery and other pretrial purposes by the federal Judicial Panel on Multidistrict Litigation from federal district courts in all of the states. Some of those cases were removed from state courts. There are motions to remand pending in this court. A number of "Zyprexa-diabetes" cases are pending in state courts.

2. Federal MDL plaintiffs' steering committees have assembled large collections of documents produced by Eli Lilly and conducted many depositions. These documents, deposition exhibits, and deposition transcripts are maintained by the current plaintiffs' steering committee in a depository in Mount Pleasant, South Carolina. In order to reduce transactional costs and the burdens on state courts, I have ruled that these materials shall be made available free of charge to litigants in state cases . See In re Zyprexa Prods. Liab. Litig., No. 04-MD-1596, 2006 WL 3495667 *3 (E.D.N.Y. Dec. 5, 2006) ("All materials obtained by PSC I and PSC II in pretrial discovery . . . . have been available free of charge to state and federal plaintiffs who agree to adhere to the terms of the protective, case management, and other orders that have been issued by

1



this court"). Many of the state plaintiffs' attorneys have taken advantage of the federal depository in preparing their state cases.

3. Plaintiffs' steering committees are presently being compensated for their work in assembling documents and conducting depositions through mechanisms that to date do not impose any costs for this work on state plaintiffs or their attorneys. *See id.* at *8 ("The issue of assessing state cases with the costs of a discovery process that benefits all cases, state and federal, should, in the first instance, be left to state court judges.").

4. Some twenty thousand federal cases have been settled. The settlement agreements that have been reached by Eli Lilly & Company and the federal plaintiffs' steering committees include all or most of the state "Zyprexa-diabetes" cases.

5. Because of the enormous savings in transaction costs due to work by the plaintiffs' steering committees, and for other reasons, I have limited the fees available to plaintiffs' attorneys in federal MDL cases. *See In re Zyprexa Prods. Liab. Litig.*, 424 F. Supp. 2d 488 (E.D.N.Y. 2006) ("Limiting fees is particularly appropriate in the instant litigation since much of the discovery work the attorneys would normally have done on a retail basis in individual cases has been done at a reduced cost on a wholesale basis by the plaintiffs' steering committee."). I believe that those fee limits should, if possible, be applied in the state cases for a number of reasons:

> A) Much of the preparatory work in state cases has already been done on a national basis, by the federal plaintiffs' steering committees, leaving less justification for high fees in individual state cases.
>
> B) As part of the process of settlement, extensive liens from Medicare and Medicaid have been limited and controlled through national negotiations in this court involving the cooperation of all fifty states and the federal

2

government. *See In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596, 2006 WL 3501263 (E.D.N.Y. Dec. 4, 2006) ("In compliance with this court's instructions . . . all fifty states as well as the federal government have resolved their Medicare and Medicaid liens."); *In re Zyprexa Prods. Liab. Litig.*, 451 F. Supp. 2d 458 (E.D.N.Y. 2006) (Memorandum Order & Judgment Regarding Liens and Disbursement Procedures). These negotiated lien settlements will probably accrue to the benefit of the state plaintiffs without the need for individual negotiations by state attorneys.

C) The nature of the plaintiffs in these state and federal cases, who allegedly are schizophrenics suffering from diabetes, places them in sad and difficult situations. It is desirable that as much of the recovery as practicable go to the plaintiffs themselves.

6. Despite my strong sense that similar fee limitations in state and federal cases is a fair and equitable result for all Zyprexa-diabetes plaintiffs and their attorneys, I have decided not to impose any fee limitations in state cases. I leave this question to your esteemed discretion.

7. I believe that the relevant fee decisions have been furnished to you, but in case you do not have copies on hand I am attaching them to this memorandum. You will note that in the Memorandum & Order on Common Benefit Fund and Continuing Applicability of Orders of Court and Special Masters of December 5, 2006, the suggestion is made that the MDL court in this case can limit fees in some, if not all, cases pending in state courts. *In re Zyprexa*, 2006 WL 3495667 at *13-15. A cooperative arrangement among state and federal judges limiting fees would be desirable.

8. Fees have been capped at 35%, though they can be varied upward to a maximum of 37.5% and downward to 30% in individual cases on the basis of special circumstances. *In re Zyprexa*, 424 F. Supp. 2d at 491. When individual matrices were provided by type of case, fees

were limited to 20% in certain small, lump-sum claims. *Id.*

9. I believe that a reasonable solution to the fee problem can be arranged for cases that have been and will be settled by negotiation among counsel with the supervision and consent of the concerned state and federal judges.

10. Evidentiary hearings at the state and national level may be desirable.

11. I should very much appreciate your views. I would be happy to visit with you by a telephone conference, at your convenience.

12. This memorandum is being filed and docketed so that judges, parties, and attorneys can respond.

Hon. Jack B. Weinstein

Dated: January 18, 2007
Brooklyn, New York