McCarter & English, LLP
245 Park Avenue
New York, NY 10167
tel 212.609.6800
fax 212.609.6921
www.mccarter.com



McCARTER
ENGLISH

ATTORNEYS AT LAW

January 12, 2007

BY FACSIMILE AND ECF

Honorable Jack B. Weinstein
Senior Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   In re: Zyprexa Products Liability Litig., MDL No.1596
>        This document relates to:
>        <u>Perry, et al. v. Eli Lilly and Company 06 CV 1729 (JBW)</u>

Dear Judge Weinstein:

Having failed to adduce any evidence to oppose the motion for summary judgment, plaintiff has, for no legitimate reason, noticed the deposition of opposing counsel, Nina M. Gussack, Esquire, solely because she signed an attorney's affidavit. As plaintiff's counsel must recognize, Ms. Gussack's knowledge of the facts of this case derives only from information that is either (a) available to plaintiff's counsel through the voluminous discovery already provided or (b) privileged or attorney work-product. That is why attorneys' depositions are disfavored. Accordingly, Eli Lilly and Company ("Lilly") requests that this Court quash the Notice of Deposition and impose sanctions on counsel for plaintiff for this unprofessional act of desperation.

I. <u>Background</u>

On December 28, 2006, counsel for plaintiff told this Court that he needed to re-depose certain doctors who, for "strategic reasons," had not been asked the only questions that – if answered as he fantasized – could salvage his case from summary judgment. *Exhibit A* at 9:20-24, 11:11-17. This Court granted counsel's request. *Exhibit B.* Now, having taken those depositions but having failed to elicit the testimony he had hoped for, plaintiff's counsel has demanded the deposition of Lilly's lead counsel because "you have interjected yourself as a fact witness in this case by filing your statement of undisputed facts" as required by the Local Rules of the Eastern District of New York ("Statement"). Local Civ. R. 56.1; *Exhibit C.* That Statement merely identified for the Court and provided (as exhibits) the various documents and

Hon. Jack B. Weinstein
January 12, 2007
Page 2



deposition transcripts upon which Lilly based its motions. Indeed, Ms. Gussack declares that her "personal knowledge of the facts and circumstances set forth [in the Statement] are based on published literature and/or the documents of Eli Lily and Company." Statement at ¶ 1.

There is nothing to distinguish Ms. Gussack's declaration from that of any other counsel whose client moves for summary judgment and complies with the local rules. Ms. Gussack does not have discoverable personal knowledge of plaintiff, plaintiff's physicians or other relevant matters. Plaintiff fails to conjure up a legitimate reason to take opposing counsel's deposition. This desperate and offensive tactic should be rejected by this Court.

II. Argument

Depositions of opposing counsel are disfavored. *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 1856 (2d Cir. 1991). As the Court recognized in *Roznitsky v. Schwartz Cobb & Scheinert*, No. 98 Civ. 6643, 1999 WL 187074, at *2 (S.D.N.Y. Apr. 6, 1999), even a deposition of counsel limited to relevant and non-privileged information risks disrupting the attorney-client relationship and impeding the litigation. In determining whether a deposition of opposing counsel is appropriate, the Second Circuit, in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003), directs a:

> flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.

*Id.* at 72. Applying the *Friedman* factors to this case requires that the Notice of Deposition be quashed.

Plaintiff has identified no need for Ms. Gussack's deposition. Ms. Gussack's personal knowledge of the facts set forth in the Statement consists of certain published literature and/or the documents of Lilly, all of which were attached to her declaration. Any relevant and non-privileged information is in plaintiff's possession.

Ms. Gussack's role in this litigation as Lilly's lead litigation counsel also requires that the notice be quashed. Permitting her deposition would serve only to impede the litigation and risk disrupting the attorney-client relationship. Indeed, as lead counsel for Lilly since the inception of this litigation, she could provide no discoverable facts, and any "relevant" testimony would be

Hon. Jack B. Weinstein
January 12, 2007
Page 3



barred as privileged or attorney work product. Any line of questions would intrude upon the attorney-client privilege and the attorney work-product doctrine.

Moreover, the fact that virtually all of the discovery in this case has been completed shows that there is no legitimate need for the deposition. The Notice of Deposition was served after Lilly filed a motion for summary judgment and after the Court permitted plaintiff's counsel to re-depose certain doctors.

III. Conclusion

For the foregoing reasons, this Court should quash the Notice of Deposition issued to Nina M. Gussack, and award Lilly the fees and costs incurred in making this motion.

Respectfully,

Samuel J. Abate, Jr.
(SA 0915)

Copy to:    Michael J. Miller, Esq. (by facsimile)
            William Audet, Esq. (by e-mail)
            James Shaughnessy, Esq. (by e-mail)
            Special Master Peter Woodin (by e-mail)

# EXHIBIT A

1              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK
2
       - - - - - - - - - - - - - - - X
3
       PERRY
4
                      Plaintiff      :
5          -against-                      06-CV-1729
6      ELI LILLY AND COMPANY       :     U.S. Courthouse
                                         Brooklyn, N.Y.
7
                                         December 28, 2006
8      - - - - - - - - - - - - - - X     11:30 a.m.
9      BEFORE:
10             HONORABLE JACK B. WEINSTEIN
               United States District Judge
11
12     APPEARANCES:
13     For Eli Lilly:           PEPPER HAMILTON, LLP
                                3000 Two Logan Square
14                              Eighteenth and Arch Streets
                                Philadelphia, PA 19103-2799
15                              BY:   NINA M. GUSSACK
                                      ANDREW E. KANTRA
16                                    CHRISTOPHER W. WASSON
17
       For Eli Lilly:           McCARTER & ENGLISH, LLP
18                              245 Park Avenue
                                New York, New York 10167
19                              BY:   SAMUEL J. ABATE, JR.
20
21
22
23
24
25

Page 2

```
 1   For David Egilman:        EDWARD W. HAYES
                               515 Madison Avenue, 30th Floor
 2                             New York, New York
                                   and
 3                             KOOB & MAGOOLAGHAN
                               19 Fulton Street, Suite 408
 4                             New York, New York 10038
                               BY:  ALEXANDER A. REINERT
 5
 6
     For the Plaintiff:        MILLER & ASSOCIATES
 7   Perry                     105 North Alfred Street
                               Alexandria, Virginia 22314
 8                             BY:  MICHAEL J. MILLER
 9   For PSC:                  FIBICH, HAMPTON & LEEBRON, LLP
                               1401 McKinney, Suite 1800
10                             Five Houston Center
                               Houston, Texas 77010
11                             BY:  TOMMY FIBICH
12
     Appearances Via Telephone:
13
                               WILLIAM M. AUDET
14
                               EVAN JANUSH
15
                               RICHARD MEADOW
16
17
18   Court Reporter:          RONALD E. TOLKIN, RPR & RMR
                              225 Cadman Plaza East
19                            Brooklyn, New York   11201
                              (718) 613-2647
20
21   Proceedings recorded by mechanical stenography, transcript
     produced by Computer-Assisted Transcript.
22
23
24
25
```

RONALD E. TOLKIN, RMR
OFFICIAL COURT REPORTER

Page 3

1              THE CLERK:  Civil cause for motion, Perry, et al.,

2    versus Eli Lilly and Company.

3              THE COURT:  Was there one case or two cases?

4              MS. GUSSACK:  There are two cases, Your Honor.  The

5    two cases that -- in which we filed motions for summary

6    judgment, November 28th, Cusella and Salva, which I think are

7    captioned in the Perry case.

8              THE COURT:  So it is Perry and Niely --

9              MS. GUSSACK:  Those are real recent --

10             THE COURT:  Perry and Salva are the two cases.

11             MS. GUSSACK:  Yes.  Yes.

12             THE COURT:  Just Niely, N-i-e-l-y P-e-r-r-y; Monty,

13   M-o-n-t-y S-o-u-t-h-e-r; and Robert Cusella, C-u-s-e-l-l-a.

14   06 Civ. 1729.

15             MS. GUSSACK:  Judge, they are all plaintiffs in a

16   case captioned under the Niely Perry name.  The two motions

17   that have been pending since November 28 relate to the Cusella

18   plaintiff and Souther plaintiff.

19             THE COURT:  Yes.

20             MS. GUSSACK:  We filed two other motions more

21   recently, but they are not yet ripe.

22             THE COURT:  Okay.

23             MS. GUSSACK:  And actually, to be accurate, we have

24   not yet received a response from plaintiffs' counsel on our

25   motion for summary judgment that are the subject of the

```
 1    conference.

 2              THE COURT:  But this is an 06 CV 1729.

 3              MS. GUSSACK:  Yes, Your Honor.

 4              THE COURT:  And it's part of the M.D. 1596 matter?

 5              MS. GUSSACK:  Yes, Your Honor.

 6              THE COURT:  Although I don't have all of the papers

 7    here, I thought it advisable to meet because in going through

 8    the defendants' papers, I concluded preliminarily that there

 9    was no need for experts.  But I would like to see the -- or

10    hear the views of the parties.  It seemed to me in going over

11    these papers that there is not expert issue which it is an

12    issue of law with respect to state grounds.

13              MR. MILLER:  Your Honor, I am counsel for the two

14    parties.  I am here today really pursuant to the Court's order

15    not to talk of the substance of this.

16              THE COURT:  My order --

17              MR. MILLER:  The order was to talk scheduling.  We

18    have experts, and we are prepared.

19              THE COURT:  You have experts on these issues.  As I

20    understand it, the position, based on my reading of the

21    papers, is that the plaintiffs were prescribed the drug after

22    the insert appeal and was approved by the FDA.

23              MR. MILLER:  Your Honor, I don't believe that to be

24    wholly accurate, and I think there is lots of substantive

25    arguments we could make and will make to the Court when the
```

```
1    Court tells us to file responsive papers that will suggest
2    that many of the facts laid out by Lilly are wrong.
3              THE COURT:  Well, so --
4              MR. MILLER:  I don't know how much the Court wants
5    me to substantively argue it.
6              THE COURT:  Well, what I want to know is what kind
7    of experts, if any, do we need.  If my understanding of the
8    defendants' papers is accurate, I don't see the need for an
9    expert.
10             MR. MILLER:  We respectfully disagree, Your Honor.
11             THE COURT:  What experts and why?
12             MR. MILLER:  Well, we will have expert to suggest
13   that the warning that finally was -- that -- provided to the
14   medical community in March of 2004 and not September of 2003,
15   as suggested, was still inaccurate -- was false, knowingly
16   false; that that is inadequate warning, in and of itself, and
17   that we have experts to prove that, in fact, ironically
18   experts that used to work for Lilly.  So we believe those
19   experts are highly relevance to show that their assertion that
20   Zyprexa doesn't cause diabetes any more than the class of
21   drugs, the typical drugs, is knowingly false.  Their assertion
22   that they had promptly warned the medical community in
23   September of '03 is knowingly false.
24             THE COURT:  Well, you want -- you do want to put
25   experts in?
```

PERRY, ET AL v. ELI LILLY AND COMPANY

Page 6

```
 1              MR. MILLER:  Yes, Your Honor.

 2              THE COURT:  How many experts and what are their

 3      names?

 4              MR. MILLER:  We have until January 5th to name them,

 5      but if the Court asks me now, we have experts.  We have --

 6      have generic experts and we have case specific experts.

 7              THE COURT:  How many experts?

 8              MR. MILLER:  We're going to have about six generic

 9      experts.

10              THE COURT:  Well, we're -- if you are going to have

11      experts, are you going to file Rule 26 specifications?

12              MR. MILLER:  Yes, Your Honor.

13              THE COURT:  When?

14              MR. MILLER:  They are due January 5th, and we intend

15      to file them timely, Your Honor.

16              THE COURT:  Okay.  And so what are you going to do

17      for the -- for Lilly?

18              MS. GUSSACK:  Well, Your Honor, let me address your

19      preliminary question first, if I might.

20              There are -- there is no need for experts on the

21      motions that were filed.  The motion raise a simple legal

22      issue.  The gravamen of plaintiffs' complaint is whether Lilly

23      adequately warned the prescribing physician and would the

24      physician have prescribed the medicine for the patient at

25      issue given the information.  In both cases, in undisputed
```

1    factual records, both prescribing physicians have said they

2    were aware of the alleged risk that Zyprexa causes weight

3    gain, and they were aware of the alleged risk or allegation

4    made by plaintiffs that it increased the risk of diabetes.

5             And in both cases they have testified that with that

6    knowledge, that is, the very specific risk that the

7    plaintiffs' claim the warning is deficient on, the physicians

8    said they knew and they prescribed it anyway.  And in both

9    cases they said it was the best medicine for the patient,

10   weighing the benefits and risks specific to each of those

11   patients.

12            As a legal matter, that is a learned intermediary

13   defense that doesn't call for expert opinion on any issue.

14   The law of the state is clear, and the cases are ripe for

15   dispositions.

16            We are happy to discuss experts because we, too,

17   will be filing our expert reports as required by the Court's

18   scheduling order, but there is no basis on which any expert

19   opinion can contravene the testimony of the prescribing

20   physician in these cases.

21            THE COURT:  So you would go forward, as I understand

22   your position, with your motion without the use of any

23   experts?

24            MS. GUSSACK:  Yes, Your Honor.

25            THE COURT:  Okay.

PERRY, ET AL v. ELI LILLY AND COMPANY

```
 1              MS. GUSSACK:  Our experts are designed to counter

 2   what I presume when we see them -- may raise Daubert issues

 3   for us on causation generally, but these are legal issues that

 4   are posed by the undisputed factual records.  This has nothing

 5   to do with what Lilly suggests or believes.  This has to do

 6   with the testimony of witnesses whose testimony is recorded in

 7   these motions.

 8              THE COURT:  So your motion then assumes you will not

 9   be using any experts?

10              MS. GUSSACK:  For these motions that is correct,

11   Your Honor.

12              THE COURT:  Okay.  But do you want to use experts

13   anyway?

14              MR. MILLER:  Absolutely, Your Honor.

15              The point made by Counsel opposite is not the point

16   at issue.  The issue is not whether or not these treating

17   physicians knew that Zyprexa causes diabetes.  The issue is

18   whether these treating physicians and the medical community

19   generally were adequately warned not only that, A, Zyprexa

20   causes diabetes, but Zyprexa causes at four times the rate of

21   other drugs of equal effectiveness for the same condition, and

22   that is the point that --

23              THE COURT:  Have you deposed the doctors that they

24   are relying on?

25              MR. MILLER:  We have attended some of -- we have
```

1     attended all of the depositions, but we -- we -- we will

2     submit the necessary affidavits to support our motion that if

3     properly warned, they would not have prescribed the drug, and

4     if properly warned, the medical community --

5          THE COURT:  Well, have you asked them that?

6          MR. MILLER:  Have I asked them that?

7          THE COURT:  Uh-huh.

8          MR. MILLER:  Not at the deposition for -- for

9     strategic reasons.  I intend to call the treaters in my

10    case-in-chief, Your Honor.  I have not asked them at discovery

11    depositions, no, Your Honor.

12         THE COURT:  Okay.  Well, do you want time to ask

13    them?  Because I believe if they are asked and they answered,

14    as the defendants indicate, there is no need for any experts.

15         MR. MILLER:  Well, there are two different

16    questions.  If asked a question that the defendants' attorney

17    would like to ask them, they may say, "Yes.  I was aware that

18    all atypicals caused diabetes."  But when asked the proper

19    question, "Sir, if you were aware, Doctor, that Zyprexa

20    causes --"

21         THE COURT:  Well, why didn't you ask that on the

22    deposition?

23         MR. MILLER:  Strategic reasons, Your Honor.  I don't

24    want to ask it in discovery.

25         THE COURT:  Well, you'd better ask it.

```
 1              MR. MILLER:  Yes, sir.

 2              THE COURT:  Because if they are prepared to go

 3   without an expert, I will hear the motion without any experts.

 4   Take their deposition because they are basing their motion, as

 5   I understand it, essentially on a learned intermediary theory

 6   and not on the theory that their drug did not cause diabetes

 7   or even that it did not cause diabetes to greater degree than

 8   other drugs.

 9              MR. MILLER:  But that is what basing our case on,

10   the failure to warn of that specific --

11              THE COURT:  I understand.

12              But that -- that is not the issue on the motion, as

13   I will understand their position.  They are not contesting,

14   for purposes of the motion, that Zyprexa causes the diseases

15   or facilitates the disease, however you want to put it, and

16   that it does so to a greater degree than other available

17   drugs.  They are not contesting that.

18              That being the case, it seems to me I don't need

19   any experts, and I don't want to go into a long Daubert

20   proceedings -- series of proceedings with six of your

21   witnesses and six of theirs or how many they want to propose.

22              MR. MILLER:  If -- if I may, Your Honor?

23              I don't -- I didn't make myself clear enough.  We

24   don't have six experts on this particular issue.  We will have

25   one generic expert on this issue, and the case specific
```

1  triggers, and they will -- they will, in sum and substance,

2  say, "Because this drug was worse than the rest of the class

3  with no more greater efficacy than the class, on that set of

4  facts, of course I would not have used this drug if I had been

5  adequately warned."

6          And that is a failure to warn case, with a learned

7  intermediary doctrine under state law will not --

8          THE COURT:  You will do it with your experts, but

9  not with the treating physicians.

10         MR. MILLER:  With both.

11         THE COURT:  You have not asked the treating

12 physicians --

13         MR. MILLER:  Well, I had --

14         THE COURT:  -- because you don't know.

15         MR. MILLER:  Well, I -- that's -- I haven't asked

16 them during the discovery deposition, Your Honor, because I do

17 not believe it was strategically warranted.

18         THE COURT:  So you don't know?

19         MR. MILLER:  We do de bene esses.

20         MR. WASSON:  Actually, Your Honor, I attended the

21 depositions that were held, Your Honor.  And -- and the

22 questions were asked in some form by counsel for Mr. Miller

23 who attended the depositions in cross-examination, and the

24 simple fact of the matter is these doctors said, "I was aware

25 of those specific risks that are the gravamen of the

```
 1    complaints.

 2                THE COURT:  All right.

 3                MR. WASSON:  Failure to warn --

 4                THE COURT:  You can submit the affidavits of the

 5    doctors, but I am not going to hold any Daubert hearing

 6    separately.  We will proceed by affidavit and deposition.

 7                Do you want time to take supplementary depositions

 8    of the -- of those doctors they are relying on?

 9                MR. MILLER:  Yes, Your Honor.

10                THE COURT:  All right.  You can take them within ten

11    days.  When are you going to provide your motion response?

12                MR. MILLER:  Your Honor had ruled on the six that we

13    had to do them right after Daubert, but I'm -- does the Court

14    want it sooner?  It's up to the Court.

15                THE COURT:  There is not going to be any Daubert.

16    You are going to take a supplementary deposition if you want

17    one, now that you know where we are.

18                MR. MILLER:  May I --

19                THE COURT:  And --

20                MR. MILLER:  I am sorry, Your Honor.

21                THE COURT:  And that being so, when are you going to

22    have your papers --

23                MR. MILLER:  May we --

24                THE COURT:  -- so we can schedule an argument?

25                MR. MILLER:  Fourteen days after the ten-day period.
```

PERRY, ET AL v. ELI LILLY AND COMPANY

```
 1            THE COURT:  Okay.  What does that lead to?  Does
 2    somebody have a calendar?
 3            MR. MILLER:  Yes, Your Honor.
 4            THE COURT:  You want time to respond for Lilly?
 5            MS. GUSSACK:  I am sorry, Your Honor.
 6            THE COURT:  Do you want time to respond?
 7            MS. GUSSACK:  Yes, Your Honor.
 8            THE COURT:  One week.
 9            MS. GUSSACK:  Briefly, one week.
10            THE COURT:  Seven days.
11            MS. GUSSACK:  Yes.
12            MR. MILLER:  The 23rd probably is the right day.  I
13    didn't count them out.
14            THE COURT:  The 23rd for you.
15            MR. MILLER:  Yes, Your Honor.
16            THE COURT:  The 23rd for the plaintiffs' --
17            MR. MILLER:  Yes, Your Honor.
18            THE COURT:  -- papers.
19            The 30th -- what day of the week is that?
20            LAW CLERK:  A Tuesday.
21            THE COURT:  The 30th for Lilly's response.
22            A week from that for the argument.  What is that
23    date?
24            THE CLERK:  February 6th.
25            THE COURT:  February what?
```

```
 1                 LAW CLERK:   6th.

 2                 THE COURT:   What day is that?

 3                 LAW CLERK:   Tuesday.

 4                 THE COURT:   Tuesday, February 6th, 10:00 a.m. for

 5      argument.

 6                 MS. GUSSACK:  Yes, Your Honor.

 7                 THE COURT:   Anything further?

 8                 MR. MILLER:  No, Your Honor.

 9                 MS. GUSSACK:  No sir.  Thank you.

10                 THE COURT:   Thank you, very much.

11                 Will you submit an order, please.

12                 MS. GUSSACK:  Yes, Your Honor.  We will.

13                 THE COURT:   Thank you very much.

14                 Have a happy holiday everybody.

15                 MS. GUSSACK:  Thank you, Judge.  You have as well.

16                 Let me raise one point.

17                 THE COURT:   Yes.

18                 MS. GUSSACK:  We do not represent the prescriber or

19      the treating physician in either of these cases obviously.

20      I -- I would bring to the Court's attention that these

21      physicians have expressed great frustration about the process

22      and their time, and I expect that they may well, you know, be

23      quite concerned that they gave I don't know how many hours to

24      the deposition initially and had opportunity by plaintiffs'

25      counsel to question them and are being subjected a second time
```

Page 15

```
 1   to deposition.

 2            I just raise that because I think that their --

 3   their concerns need to be expressed even in their absence.

 4            THE COURT:  Well, I can't do anything about it at

 5   this stage.  If they want to object, I can understand why they

 6   would want to.  There is nothing that I can do at their

 7   moment.

 8            MR. FIBICH:  Your Honor, I am Tom Fibich here on

 9   behalf of PFC, and I didn't have anything to comment on here

10   today; so I thought I would introduce you to my son.  He is in

11   third year of law school of U of H.

12            THE COURT:  U of H?  What is that?

13            MR. FIBICH:  University of Houston.

14            And Judge, if --

15            THE COURT:  U of H is also Harvard.

16            MR. FIBICH:  The difference in your answers is

17   approximately 60 years; however --

18            THE COURT:  You're how old?

19            MR. FIBICH'S SON:  25.

20            THE COURT:  You have a long, long way ahead of you.

21            MR. FIBICH:  He has read many of your opinions and

22   wanted to come up today since he was on break, and I thought I

23   would introduce him to you.

24            THE COURT:  Well, I am very honored to have a U of H

25   student before me.
```

PERRY, ET AL v. ELI LILLY AND COMPANY

```
 1              Do you have any suggestions on -- what did you see
 2    in today's proceeding.  Did you see a civil rights case?
 3              MR. FIBICH'S SON:  I saw part of it, Your Honor.
 4              THE COURT:  And the other proceedings?  Do you have
 5    any advise, young man?  Not that you want to express in front
 6    of your father.
 7              MR. FIBICH'S SON:  Not at this time.
 8              THE COURT:  You tell your father, and he will decide
 9    if I should be told.
10              Good luck to you.  Nice to meet you.
11              MR. FIBICH'S SON:  Thank you, Your Honor.
12              THE COURT:  Everybody have a nice holiday.
13              MS. GUSSACK:  Thank you, Your Honor.
14              (The conference is concluded.)
15
16
17
18
19
20
21
22
23
24
25
```

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: ZYPREXA PRODUCTS LIABILITY      :      MDL No. 1596
LITIGATION                             :
-----------------------------------------------------------X
THIS DOCUMENT RELATES TO:              :
                                       :
NIELY PERRY                            :
MONTY SOUTHER                          :
ROBERT CUSELLA,

              Plaintiffs,                      06 CV 1729 (JBW)

       -against-

ELI LILLY AND COMPANY,

              Defendant.

-----------------------------------------------------------X
JACK B. WEINSTEIN, SENIOR UNITED STATES DISTRICT JUDGE:

       After discussion with counsel for plaintiffs and defendant concerning the Motions for

Summary Judgment filed in the above referenced action, IT IS HEREBY ORDERED:

              1.  Plaintiffs shall conduct any additional depositions necessary for the

disposition of Defendant's Motions for Summary Judgment on or before January 9, 2007;

repetitive depositions of those already deposed should be avoided, if possible.

              2.  Plaintiffs shall file their responses to Defendant's Motions for Summary

Judgment on or before January 23, 2007.

              3.  Defendant shall file any reply to Plaintiffs' responses on or before January 30,

2007.

              4.  Argument on Defendant's Motions for Summary Judgment in the above

referenced action shall be held on February 6, 2007 at 10:00 a.m.

                                          SO ORDERED.

                                          Hon. Jack B. Weinstein

Dated:      January 2, 2007
            Brooklyn, New York

# EXHIBIT C

From: Miller & Associates     To: 2159814750     Page: 4/7     Date: 1/11/2007 5:17:38 PM

Michael J. Miller – VA, MD, DC, PA
J. Christopher Ide – VA, MD, DC
Christopher A. Gomez – PA, VA
Gary A. Godard – VA, MD, DC
Bruce D. Bartoff, M.D., J.D. – VA, DC, FL, MS
Peter A. Miller – VA
Michele A. DiMartino – PA, NJ
Danielle L. Bridgeforth – VA
Lita Zaso-Bechara – VA
Timothy Farrell – WA, DC and GUAM
David Andersen – CA
David Dickens – VA

# The Miller Firm
## T R I A L   L A W Y E R S

108 Railroad Avenue
Orange, Virginia 22960

Marjorie Graziano, RN, MSN, FNP-C
Jennifer Miller, R.N.
Nancy Leftwich, R.N.
Website: doctorstlaw.com
Telephone: (540) 672-4124
(866) 529-3323
Facsimile: (703) 519-8084

*Of Counsel*
Nancy Guy Armstrong – MS

January 10, 2007

Nina Gussack
Pepper Hamilton
3000 Two Logan Square
Eighteenth & Arch Street
Philadelphia, PA 19103

     Re:  Zyprexa MDL 1596 Niely Perry, et al., Robert Cusella
          06CV1729

Dear Ms. Gussack:

     I certainly do not take any pleasure in sending a Notice of Deposition to depose counsel in a case. However, you have interjected yourself as a fact witness in this case by filing your statement of undisputed facts. I am asking by this correspondence that you withdraw your undisputed statement of facts and withdraw as a witness in this case. Alternatively, if you decline to do so, I have attached a Notice of Deposition to take your deposition on January 17, 2007 beginning at 10:00 a.m. at our Bala Cynwyd offices. If you would like the deposition moved to your offices at Pepper Hamilton, we would be happy to discuss that.

     With every best wish, I remain

                                   Very Truly Yours,
                                   The Miller Firm


                                   Michael J. Miller

MJM/thm

Enclosure

cc: PSC

Pennsylvania Office: 555 E. City Avenue · Suite 910 · Bala Cynwyd, Pennsylvania 19004 · Telephone: (610) 660-0622 · Facsimile: (610) 660-0628
Alexandria Office: 105 N. Alfred Street · Alexandria, Virginia 22960 · Telephone: (703) 519-8080 · Facsimile: (703) 519-8084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

NIELY PERRY, ET AL.

       Plaintiff

v.

ELI LILLY & COMPANY,

       Defendant

MDL No. 1596
06 CV 1729 (JBW)

NOTICE OF VIDEOTAPED
DEPOSITION OF
NINA GUSSACK

TO:   Nina Gussack
      PEPPER HAMILTON LLP
      3000 Two Logan Square
      Philadelphia, PA 19103

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, Plaintiff will examine Nina Gussack by taking her oral deposition before an officer authorized to administer oaths at 10:00 a.m. on January 17, 2007 at The Miller Firm, 555 E. City Ave., Bala Cynwyd, PA 19004. This deposition will be videotaped.

The examination will continue until completed at the time and place indicated above, or at any time and place to which it may be adjourned. You are invited to attend and participate.

DATED:  January 10, 2007.

Michael J. Miller
J. Christopher Ide
The Miller Firm
105 N. Alfred Street
Alexandria, Virginia 22314
(703) 519-8080

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Deposition was sent

by U.S. Mail, first-class, postage prepaid, this January 10, 2007 to:

Nina M. Gussack
Andrew R. Rogoff
Adam B. Michaels
PEPPER HAMILTON, LLP
3000 Two Logan Square
Philadelphia, PA 19103

Attorneys for Defendant
Eli Lilly and Company

Michael J. Miller, Esq.