**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION** | **MEMORANDUM AND ORDER**<br><br>**04-MD-1596 (JBW)** |

-------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In a twenty-page Memorandum and Order entered on December 29, 2006 ("12/29/06 M&O"), this Court granted the application of the original Plaintiffs' Steering Committee ("PSC I") for attorneys' fees and litigation expenses in the amounts requested by PSC I -- $28,445,000.00 and $2,591,583.87, respectively -- to be drawn from the common fund created by the partial settlement of more than 8,000 claims in this quasi-class action litigation. On January 18, 2007, PSC I submitted a proposed order that purported to correct a "ministerial error" in the Court's opinion of December 29th and that would increase the fee award by $250,000.00. The reason cited for the proposed amendment was a mathematical error in the moving affidavit of Melvyn I. Weiss, Esq., dated October 17, 2006.

Contrary to PSC I's suggestion, the Court's December 29th opinion does not contain a "ministerial error." In analyzing the reasonableness of the fee requested by PSC I, the Court looked to the aggregate amount proposed by PSC I -- $28,445,000.00 -- and utilized the so-called "percentage method" to assess the reasonableness of that amount. See 12/29/06 M&O at 9-12. As the "lodestar method" was used solely as a "cross-check" on the reasonableness of the requested percentage, see id. at 12-13, the Court's approval of the fee amount was not predicated on PSC I's ultimate allocation of the award among its member firms.

In requesting an additional quarter of a million dollars in fees, PSC I in effect is seeking

reconsideration or reargument of the Court's prior ruling; under Local Civil Rule 6.3, any such motion should have been made within ten days of the docketing of that decision. The 10-day deadline, and the January 12th deadline for filing objections with the District Court, expired the week prior to the filing of the pending motion. PSC I's request that the Court correct a "ministerial error" is thus denied without prejudice to a motion detailing an appropriate basis for the relief sought.

**SO ORDERED:**

**Dated:** **Brooklyn, New York**
**February 2, 2007**

**ROANNE L. MANN**
**UNITED STATES DISTRICT JUDGE**