**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------x

IN RE ZYPREXA PRODUCTS                    **MEMORANDUM AND ORDER**
LIABILITY LITIGATION
                                                          **04-MD-1596 (JBW)**

--------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

By Memorandum and Order dated December 29, 2006 ("12/29/06 M&O"), this Court

granted an application by the original Plaintiffs' Steering Committee ("PSC I") for an award of

attorneys' fees in the amount of $28,445,000.00 from the common benefit fund created by the

settlement of the claims of more than 8,000 individual plaintiffs in this Multi-District Litigation

("MDL") against Eli Lilly and Co. ("defendant Lilly"), the manufacturer of the prescription

drug Zyprexa.[1]

Currently pending before this Court is PSC I's motion for a "supplemental award of

attorneys' fees" in the amount of $250,000. See generally The Original PSC's Motion for a

Supplemental Award of Attorneys' Fees, filed February 12, 2007. For the reasons that follow,

the request is hereby granted.

**BACKGROUND**

The reason for PSC I's supplemental request is an arithmetic error contained in its

original application for fees. See Affidavit of Melvyn I. Weiss, Esq., in Support of the

Original PSC's Motion for a Supplemental Award of Attorneys' Fees ("Weiss Supp. Aff.")

¶ 6. PSC I's initial application had adopted a proposal by a committee established by PSC I to

---

[1] Familiarity with the Court's prior opinion is assumed.

review and make recommendations with respect to the allocation of a portion of the common

benefit fund to the member firms of PSC I and to other firms that had conferred common

benefits on all plaintiffs.  See 12/29/06 M&O at 6.  The committee had proposed, and PSC I

had endorsed, an allocation of fees among fifteen firms, and had summarized that proposed

allocation in a chart (the "Chart") attached as Exhibit C to PSC I's moving affidavit;[2] the Chart

incorrectly listed the total sum of the proposed fee allocation as $28,445,000.00 --

$250,000.00 less than the actual total.  See Weiss Supp. Aff. ¶ 6.[3]  The incorrect sum was then

used as the amount of fees sought in PSC I's original fee application, and it was that sum

($28,445,000.00) that this Court analyzed and awarded to PSC I.

## DISCUSSION

PSC I offers a series of arguments in support of its request for a supplemental award of

$250,000.00.  According to PSC I, its member firms and other firms "have continued to

perform substantial services for the benefit" of the original settling plaintiffs, including

working to resolve issues pertaining to Medicaid and Medicare.  Weiss Supp. Aff. ¶ 8.  In

addition, PSC I notes that granting its application would not materially increase the percentage

of the fee award relative to the size of the settlement fund, inasmuch as the supplemented fee

award would constitute only 4.01 percent of the settlement amount.  See id. ¶ 10; see also

---

[2]  The original affidavit, along with the exhibits thereto, is appended to PSC I's supplemental affidavit (as Exhibit C).

[3]  Apparently, the last entry on the Chart -- in the amount of $250,000.00 -- had been overlooked when the proposed fees for each firm had been aggregated.

12/29/06 M&O at 11 (noting that the original amount sought "is approximately four percent of the settlement amount."). Furthermore, PSC I claims that "the additional $250,000.00 is available and is contained in the account created pursuant to orders of the District Court for the purpose of paying fees to attorneys who conferred common benefits on the settling plaintiffs." Weiss Supp. Aff. ¶ 10. Finally, as PSC I observes, the Court has received no objections to PSC I's application for a supplemental award. See id. ¶ 12.

Having considered PSC I's request and the reasons therefor, this Court concludes that PSC I should not be disadvantaged on account of its arithmetic error. As Judge Weinstein and this Court previously observed, PSC I provided highly skilled representation and was able to achieve an exceptional result in a sprawling and complex nationwide litigation that involved, at the outset, a significant contingency risk. See generally 12/29/06 M&O at 10-11, 15. The total amount sought -- including the "supplemental" sum of $250,000 -- is within the range of percentage awards approved in other megafund cases, see id. at 11-12, and is less than the lodestar amount calculated by PSC I ($29,429,636.25, including "multipliers" ranging from 1.17 to 1.64). See id. at 13-15. Finally, while not dispositive, the fact that no objections have been filed weighs in favor of granting PSC I's request.[4]

---

[4] The Court is mindful of the fact that PSC I's fees are payable out of the common benefit fund and that therefore any additional award would have no impact whatsoever on defendant Lilly's financial obligation. However, it is noteworthy that no plaintiffs -- including those represented by counsel who would not be the recipients of any portion of PSC I's award -- have objected to PSC I's application for a supplemental award or, for that matter, its original request. And, as previously noted, most of PSC I's fee award has been or will be paid out of interest earned on the settlement amount. See 12/29/06 M&O at 11; Weiss Supp. Aff. ¶ 10.

## CONCLUSION

For the foregoing reasons, the application of PSC I for supplemental fees in the amount

of $250,000.00 is hereby granted.

Any objections to this Memorandum and Order must be filed with the Honorable Jack B.

Weinstein on or before March 29, 2007.  Failure to file objections in a timely manner may

waive a right to appeal the District Court order.

**SO ORDERED:**

**Dated:     Brooklyn, New York**
**March 15, 2007**

**ROANNE L. MANN**
**UNITED STATES DISTRICT JUDGE**