UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

SUPPLEMENTAL
MEMORANDUM & ORDER

04-MDL-1596

-----------------------------------------------------------x

In re: ELI LILLY AND COMPANY
SECURITIES LITIGATION

07-CV-1310

-----------------------------------------------------------x

**Jack B. Weinstein, Senior United States District Judge:**

By Memorandum, Order and Judgment dated April 30, 2008, the court granted summary judgment to defendants on the statute of limitations ground. The case was dismissed in its entirety. In view of the ruling on the statute of limitations, it is not necessary to consider dismissal on a pleading standard. *See* Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2504-05 (2007). *See also Shah v. Meeker*, 435 F.3d 244, 252 (2d Cir. 2006) ("In light of our holding [on the statute of limitations ground], we need not consider appellees' argument that the district court's judgment may be affirmed on the alternative ground that [plaintiff] failed to state a claim for securities fraud under the requirements of the PSLRA, 15 U.S.C. § 78u-4(b), and Federal Rule of Civil Procedure 9(b).").

Plaintiffs' state law claims of common law fraud and negligent misrepresentation are dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"); *see also Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of state law claims when no federal claims remained); *Shields v. Cititrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994) ("[B]ecause we find that the

primary violation asserted by [plaintiff] is . . . properly dismissed by the district court, we also find no error in the district court's dismissal of the claims of secondary liability under § 20 of the 1934 Act against [individual defendants], or in the district court's refusal to exercise jurisdiction over [plaintiff's] state law claim of negligent misrepresentation, in the absence of any remaining federal claim."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: May 5, 2008
Brooklyn, New York