**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**CHARLES C. FOTI, JR.,**
*Attorney General of the State of Louisiana*
*o/b/o State of Louisiana,*                                         **MEMORANDUM**
                                                                     **AND ORDER**

                              Plaintiff,

                                                                     **05-CV-1455 (JBW)**
              -against-                                               **05-CV-1549 (JBW)**

**ELI LILLY & CO.,**

                              Defendant.
-----------------------------------------------------------------x
**JIM HOOD,**
*Attorney General of the State of*
*Mississippi, ex rel The State of Mississippi,*                      **07-CV-645 (JBW)**

                              Plaintiff,

              -against-

**ELI LILLY & CO.,**

                              Defendant.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Among the various discovery disputes presented to the Court in the State Attorney

General Zyprexa cases are those involving the States of Louisiana ("Louisiana" or "LA") and

Mississippi ("Mississippi" or "MS") (collectively, the "States").  Specifically, the parties

differ as to the adequacy of those States' responses to discovery demands served by defendant

Eli Lilly and Company ("Lilly") on May 9, 2008.  As described herein, Mississippi and

Louisiana are directed to supplement their production of responsive materials and information

by August 20, 2008.

**A.  Timing of Supplemental Responses**

As a preliminary matter, the parties disagree as to the date by which the two States must supplement their prior discovery responses.  However, since the filing of their respective submissions, this Court ruled that all the plaintiffs in these related actions may have until August 20, 2008, to complete their production of materials and information responsive to Lilly's May 9th discovery demands.  See 7/16/08 Case Management Order 2.  Consequently, Lilly's challenges to many of the interrogatory responses by Louisiana and Mississippi are premature, in that both States have represented in those responses that their respective investigations are ongoing and that the responses will be supplemented "as necessary."  See, e.g., Response to Interrogatory No. 2, Exhibit D to 7/8/08 Letters of Andrew Rogoff in Hood v. Eli Lilly, 07-CV-645 (JBW), and Foti v. Eli Lilly, 05-CV-1455 (JBW) and 05-CV-1549 (JBW).[1]  The States are required to complete their supplementation by August 20, 2008.

**B.  Information That Will Be The Subject of Expert Testimony**

Lilly challenges the States' objections to a number of interrogatories and/or document demands as calling for information that will be the subject of expert testimony.  The States have now offered to supplement their responses by August 20th and, as to some requests, to provide "de-identified, non-individualized information . . . ."  7/11/08 MS Letter at 3; 7/11/08 LA Letter at 3. To the extent that the States have agreed to supplement their responses despite

---

[1]  For ease of reference, Lilly's letters filed in the Hood and Foti cases are cited in this opinion as "7/8/08 Lilly [MS] Letter" and "7/8/08 Lilly [LA] Letter," respectively.  The interrogatories and document demands, and the States' responses thereto, are contained in Exhibits D (interrogatories and responses) and E (document demands and responses) to Lilly's Letters.  Louisiana and Mississippi are represented by the same counsel (Fletcher V. Trammell), who submitted letters to the Court that are referenced herein as "7/11/08 MS Letter" and "7/11/08 LA Letter."

their prior objections, Lilly's challenges are again premature.

With respect to five interrogatory responses common to both States -- i.e., #23, 24, 25, 27 and 29 -- Mississippi and Louisiana adhere to their objections that the information sought is "more properly the subject of expert testimony, including requests for liability profiles and damage models . . . ." 7/11/08 MS Letter at 3; 7/11/08 LA Letter at 4.[2] In effect, the States object that Lilly is prematurely seeking responses to contention interrogatories, before the States have had an opportunity to take any discovery and prepare liability profiles and damage models.[3]

Unlike the Southern District of New York, which has adopted a local rule that defers contention interrogatories until the conclusion of discovery,[4] this district has no *per se* rule prohibiting contention interrogatories in the early stages of discovery. Nevertheless, Eastern District courts have sustained objections to contention interrogatories where the demanding party failed to show that the usefulness of the information sought outweighed the burden imposed in responding early in the litigation. See, e.g., Protex Int'l Corp. v. Vanguard Prods. Group, Inc., No. 05-CV-5355, 2006 WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006); see also Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 234 (E.D.N.Y. 2007) (collecting cases).

---

[2] The States have also interposed similar objections to one interrogatory that is differently numbered for each State (LA #37 and MS #41). However, that interrogatory in turn is related to another interrogatory (MS #34/LA #38), which the States have agreed to supplement by August 20, 2008. To the extent the States' supplementation of their responses to MS #34/LA #38 includes a quantification, they must, in response to MS #37/LA #41, explain how they calculated that number.

[3] The two States also raise related arguments as to a series of document demands. Those arguments are addressed *infra* at page 5.

[4] See S.D.N.Y. Local Civ. R. 33.3.

Having reviewed the various discovery demands, and performed the requisite balancing, the Court concludes that some aspects of Lilly's demands are more properly the subject of expert disclosure and that requiring the States to respond at this preliminary phase of fact discovery would be unduly burdensome. For example, Interrogatories #24 and #25 seek a description of the criteria used by the States to determine that a Medicaid recipient developed a medical condition caused by Zyprexa, and to identify medical expenses associated with that condition. Interrogatory #27 demands detailed information regarding the methodology used by the State to compare the medical conditions of Zyprexa users and non-Zyprexa users. See also Interrogatory #29 (seeking "methodology and data for calculating the increase in price" of Zyprexa caused by Lilly's alleged wrongful conduct).

In contrast, several interrogatories (or subparts of interrogatories) seek basic information that, in fairness, should be disclosed promptly, so as to enable Lilly to formulate its defense. For example, Interrogatory #23 asks each State to identify every medical condition that it contends was caused by Zyprexa. Similarly, Interrogatory #27 asks whether, as to each such condition, the State contends that its Zyprexa-using Medicaid recipients had a higher incidence of that condition as compared to another population of individuals. And Interrogatory #29 requires the State to disclose whether it contends that the price of Zyprexa would have been lower but for Lilly's alleged wrongful conduct. While it may be premature at this point to require the States to detail the methodology by which they will prove those assertions, Lilly is entitled to notice as to the nature of the States' allegations against it. Therefore, the States shall promptly provide substantive responses to those portions of the interrogatories.

In their submissions to this Court, the States similarly argue that the following document demands are more properly the subject of expert testimony:  MS #3/LA #3; MS #45/LA #47; MS #46/LA #48; MS #48/LA #50; MS #38; MS #47; MS #46/LA #48; MS #48/LA #50; MS #47.  See 7/11/08 MS Letter at 3; 7/11/08 LA Letter at 4.  Significantly, in response to some of the aforesaid document demands (i.e., MS #3/LA #3, MS #45/LA #47, MS #46, LA #50, MS #38), one or both States failed to assert this particular objection.  If not interposed in a State's responses, the objection has been waived.

In any event, a request for pre-existing documents does not implicate the same concerns as a premature contention interrogatory.  If, for example, a State representative has developed liability or damages models (MS #48/LA #50), or claims profiles or damages profiles concerning Medicaid recipients (MS #45/LA #47), the State is not entitled to withhold these factual materials on the basis that the same issues will be addressed in expert discovery.  Therefore, the Court overrules this objection to the document demands.

## C.  Miscellaneous Issues

Lilly additionally challenges the adequacy of other interrogatory responses, which are not addressed by the States in their submissions to the Court.  Lilly complains that, in response to Interrogatories #4 and #5, Mississippi has directed Lilly to the Mississippi Division of Medicaid website.  See 7/8/08 Lilly Letter [MS] at 3.  Lilly rightfully complains that the website is not fully responsive; for example, while the website contains a Preferred Drug List, that Preferred Drug List did not become effective until July 1, 2008, leaving Lilly without responsive information concerning the period relevant to Mississippi's claims.  However, the Court sustains in part Mississippi's objection that Interrogatory #4 is overbroad.  Specifically,

subsection c demands details concerning committee meetings having nothing to do with Zyprexa. Mississippi need not respond to that aspect of Interrogatory #4.[5]

Mississippi also interposed objections that certain interrogatories (i.e., #32, 33, 39, 40 and 41) "seek[] information that is as equally available to Defendant as to the State."[6] For example, Interrogatory #33 asks Mississippi to identify every misrepresentation by Lilly or its sales representative that constituted an unfair trade practice. As Lilly has not admitted making any misrepresentations, it is no answer for Mississippi to say that this information is "equally available" to Lilly. As with the States' assertion that some interrogatories are more properly the subject of expert disclosure, Mississippi's "equally available" objection deprives Lilly of basic information concerning the nature of that State's claims. Lilly is entitled to know whether Mississippi contends that every contact with a Lilly sales representative, or some specified portion of those contacts, involved an unfair trade practice. To be sure, the Court declined to direct Lilly to produce each and every call note. See 6/17/08 Case Management Order 1, at 1. Nevertheless, Mississippi presumably will have sufficient information, by August 20, 2008, to provide substantive responses to this category of interrogatories, so as to

_____

[5] Louisiana, which is represented by the same attorney as Mississippi, responded to the same interrogatory (#4) by providing, without more, the names, addresses and telephone numbers of that State's P&T Committee Members, along with the names and occupations of members of the State's Drug Utilization Review Board. Lilly has not challenged the adequacy of Louisiana's response to Interrogatory #4. The Court is therefore mystified that Lilly and Mississippi, in attempting to resolve their discovery disputes informally, were unable to reach a similar middle ground position.

[6] Lilly's letter to the Court incorrectly includes two other interrogatories (#36 and #37) in this category. See 7/8/08 Lilly [MS] Letter at 3. However, Mississippi objected to these two interrogatories on other grounds -- i.e., as premature and the proper subject of expert testimony, and as dependent on discovery responses from Lilly.

inform Lilly of the potential scope of its exposure.

Finally, Lilly challenges Louisiana's objections to certain interrogatories (i.e., #15, 34, 35, 36, 37, 40 and 41) as requiring discovery from Lilly for a response.  See 7/8/08 Lilly [LA] Letter at 3.  As to all but two (i.e., LA #40 and #41), Louisiana has agreed to supplement its responses, see 7/11/08 LA Letter at 3, thereby rendering Lilly's challenge premature.  The remaining two interrogatories have been addressed earlier in this opinion:[7] Lilly is entitled to know how many violations are alleged to have occurred as a result of the Zyprexa label (#40), and how the State calculated that number (#41).[8]

## CONCLUSION

For the foregoing reasons, Mississippi and Louisiana are directed to supplement their discovery responses, as indicated above, by August 20, 2008.  To the extent that this opinion has not addressed each and every aspect of the disputed demands and responses, the parties are directed to follow the spirit of these rulings and, where they disagree, to confer in a *good faith* effort to resolve their disputes without the need for further judicial intervention.

**SO ORDERED.**

**Dated:**      **Brooklyn, New York**
         **July 22, 2008**

                                                **ROANNE L. MANN**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[7] See *supra* note 2.

[8] For example, if the State has not calculated the total number, but contends that each and every prescription bottle constitutes a separate violation, its interrogatory responses should so indicate.

-7-