UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re: ZYPREXA                                        04-MDL-1596 (JBW)
STATE ATTORNEY GENERAL CASES
-------------------------------------------------------------x
THE STATE OF CONNECTICUT,

                                                                                     **MEMORANDUM**
                            **Plaintiff,**                       **AND ORDER**

                     -against-                                **08-CV-955 (JBW)**

**ELI LILLY AND COMPANY, INC.,**

                            **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Defendant Eli Lilly and Company ("Lilly") moves to compel the State of Connecticut ("the State") to "provide complete responses" to Lilly's interrogatories and requests for production. Docket Entry ("DE") #53 at 3 in <u>State of Connecticut v. Eli Lilly and Company</u>, 08-CV-955 (JBW).[1] For the reasons that follow, Lilly's request is granted in part and denied in part.

## **DISCUSSION**

      Several of the issues presented in the parties' submissions were addressed by the Court in its recent Memorandum and Order in two similar Zyprexa-related actions brought by State Attorneys General against Lilly. <u>See</u> Memorandum and Order dated July 22, 2008 ("7/22/08 M&O"), in <u>Foti v. Eli Lilly & Co.</u>, 05-CV-1455 (JBW), 05-CV-1549 (JBW), and <u>Hood v. Eli Lilly & Co.</u>, 07-CV-645 (JBW). The Court assumes familiarity with that opinion. To the

---

[1] Copies of the discovery demands and response are appended as Exhibits A (interrogatories) and B (requests for production) to D.E. #53.

extent that the pending motion involves substantially similar discovery demands and objections, the Court adopts its rulings in the related cases.

**Information That Will Be The Subject
of Expert Testimony**

For example, where the State objects that certain interrogatories (such as Interrogatories #12, 16, 17, 18, 26, 27, 29 and 45) will be subject of expert testimony, and/or call for information contained in the databases to be produced later this month, the State should nevertheless provide Lilly with basic information disclosing the State's theory of the case, even though it may be premature to require the State to detail the methodology by which it will prove it assertions.  See 7/22/08 M&O at 4.[2]  Furthermore, as the Court ruled in its prior decision, the State is not entitled to withhold the factual materials demanded in Request for Production #3 on the ground that the same issues will be addressed in expert discovery.  See 7/22/08 M&O at 5.

**The State's Ongoing Investigation**

Other defense challenges to the State's responses likewise parallel issues addressed in the Court's prior rulings.  Lilly complains that rather than provide responsive documents or substantive answers to interrogatories, the State repeatedly asserted that its "investigation is ongoing."  See, e.g., Responses to Interrogatories #7, 16, 32, and Requests For Production #1, 2, and 3.  However, the State's deadlines for completing its responses to Lilly's discovery

---

[2]  Lilly also protests that the database information to be produced will not be "fully responsive."  D.E. #53 at 3.  Again, Lilly is entitled to know (for example) whether the State contends that every Zyprexa prescription was "caused by wrongdoing."  D.E. #53, Ex. C at 3.

demands and for producing its Medicaid and other databases have been extended to August 20 and 21, respectively.  See Case Management Order ("CMO") #3.  Therefore, Lilly's challenges to those responses are premature.  See 7/22/08 M&O at 2.

**Requests Regarding RICO Claims**

In Interrogatory #41, Lilly sought information regarding the various components of the alleged RICO enterprise, i.e., the "Zyprexa Unlawful Marketing Enterprise" referenced in paragraph 64 of the Complaint.  The State's response consisted of various objections (including prematurity) and a citation generally to the Complaint.  In its submission to the Court, the State contends that these issues are "spelled out in great detail" in a long list of court filings in related Zyprexa litigation.  See D.E. #55 at 1 & Ex. D.  However, Lilly is entitled to a formal response from *this* plaintiff.  Therefore, the State shall supplement its response to Interrogatory #41 and may, in connection with that response, expressly incorporate by reference those *portions* of submissions in the related litigation that contain responsive information.  If the State has any documents relating to the alleged RICO enterprise that have not otherwise been disclosed, it shall produce them in response to Request for Production #87.

**Pre-1996 Data**

Lilly claims that it needs information dating back to 1990, in order to determine whether patients using Zyprexa "had pre-existing conditions that the State now argues were caused by Zyprexa . . . ."  D.E. #53 at 2.  The State represents that it does not "systematically retain[]" data for more than ten years but that, if it locates earlier data, it will produce that information.  D.E. #55 at 2.  As the State rightly notes, it "cannot be compelled to produce

that which it does not have." D.E. #55 at 2. Furthermore, the Court doubts that Lilly will be substantially prejudiced by the paucity of data predating 1998. Lilly's demand for data going back to 1990 assumes that all the patients whose information is being sought began using Zyprexa when it first became available in 1998. As it is far more likely that many (if not most) patients started taking Zyprexa in subsequent years, the Medicaid database from 1998 on will encompass data relating to conditions that predated the patients' use of Zyprexa.

**Information Regarding Other Programs**

Lilly complains that the State's response to Interrogatory #45(a) failed to identify all programs for which the State is seeking reimbursement. D.E. #53 at 2. The State listed four entities in addition to its Medicaid administrator, but then added "all other public payors under the aegis of the State of Connecticut that paid for Zyprexa." See D.E. #55 at 2. The State must identify those other payors, and provide the underlying data.

**Boilerplate References to the Complaint**

Lilly challenges the adequacy of the State's substantive response to Interrogatories #13-15, 33-34 and 40-41, to wit, "see generally the allegations in Plaintiff's Complaint." See D.E. #53 at 3. The Court has already addressed Interrogatory #41.[3] The State's submission to the Court makes no mention whatsoever of this dispute. However, in a letter to defense counsel dated July 17, 2008, counsel for the State represented, among other things, that "we will re-evaluate this issue and modify the responses if necessary." D.E. #55, Ex. D at 2. The State shall supplement its responses by August 20, 2008.

---

[3] See *supra* p. 3.

**Miscellaneous Requests**

**Interrogatory #31**: The State's response does not describe the steps taken to reduce the amount paid by the State for prescription medicine used to treat schizophrenia or bipolar disorder. The State shall either supplement its response or produce a knowledgeable witness to testify on that subject pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**Interrogatory #44**: This Interrogatory asks the State to identify any study -- other than the "Covell study" -- of the use of mental health medicines by patients in Connecticut's Public Mental Health System. The State's substantive response ("Plaintiff does not possess any information relating to the Covell study") is unresponsive and must be supplemented.

**Request for Production #77**: The State is directed to provide documents concerning disease management programs and/or treatment costs for any condition that it contends was caused by Zyprexa.

## CONCLUSION

Lilly's motion to compel is granted in part and denied in part. The State shall, by August 20, 2008, supplement its responses to the extent specified above, except that its Medicaid and other database data shall be produced by August 21, 2008.

    **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **August 5, 2008**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**