**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
*In re:* **ZYPREXA PRODUCTS LIABILITY**
     **LITIGATION**
-----------------------------------------------------------------x

**THE STATE OF CONNECTICUT**              **MEMORANDUM**
                                           **AND ORDER**

                **Plaintiff,**

                                           **04-MD-1596 (JBW)**
                                           **08-CV-955 (JBW)**

          **-against-**


**ELI LILLY & CO.,**

                **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Defendant Eli Lilly and Company ("Lilly") has moved for an order compelling the

production for depositions of Dr. Kenneth Marcus, the Medical Director for the State of

Connecticut's Department of Mental Health and Addiction Services (the "DHMAS"), and

Michael Starkowski, the Commissioner of Connecticut's Department of Social Services (the

"DSS"). See Letter from Eric Rothschild, Counsel for Lilly, to the Court (Oct. 16, 2008)

("10/16/08 Deft. Letter"), ECF Docket Entry ("D.E.") #109;[1] Letter from Eric Rothschild,

Counsel for Lilly, to the Court (Oct. 31, 2008) ("10/31/08 Deft. Letter"), D.E. #115.

Plaintiff State of Connecticut (the "State") opposes Lilly's requests, on the grounds that Dr.

Marcus' testimony would be irrelevant and that Lilly has failed to establish that Commissioner

---

[1] Docket entries refer to those in State of Connecticut v. Eli Lilly & Co., No. 08-CV-955
(JBW) (E.D.N.Y.).

Starkowski has any information that is uniquely within his personal knowledge and/or that cannot be obtained through less burdensome means. See Letter from David S. Nalven, Counsel for the State of Connecticut, to the Court (Oct. 27, 2008) ("10/27/08 Pl. Letter"), D.E. #113; Letter from David S. Nalven, Counsel for the State of Connecticut, to the Court (Nov. 3, 2008) ("11/3/08 Pl. Letter"), D.E. #116.

For the reasons that follow, the Court denies Lilly's request for a deposition of Dr. Marcus, and denies without prejudice Lilly's request for Commissioner Starkowski's deposition.

## I. Dr. Marcus

Lilly contends that Dr. Marcus, as head of the DHMAS, is "knowledgeable about patient use of, and the risks and benefits associated with, antipsychotic medications." 10/16/08 Deft. Letter, D.E. #109, at 2. The State rightly objects that Lilly is seeking to use Dr. Marcus as an expert witness concerning the effectiveness and safety of Zyprexa. See 10/27/08 Pl. Letter, D.E. #113, at 3. The Court concurs with the State that "Lilly will have the opportunity to present its [own] expert witnesses . . ., with attendant notice and disclosure requirements[,]" and that a State employee should not be compelled "to serve that function." Id. Lilly's motion for a compulsion order as to Dr. Marcus is therefore denied.

## II. Commissioner Starkowski

The State does not deny that Commissioner Starkowski, who reportedly manages more than 2,000 DSS employees and administers in excess of $4 billion in program benefits, has relevant information concerning the State's request to the Connecticut legislature for support

for the State's Preferred Drug List (the "PDL"). See id. at 1-2. Rather, the State argues that the Court should decline to order the deposition of a senior government official where it cannot be said that the information sought is "uniquely within Commissioner Starkowski's [] personal knowledge." Id. at 2. Specifically, the State alleges that Lilly can obtain the information sought from lower-level DSS employees and/or from the public record of Starkowski's testimony to the state legislature. See id.

In its reply, Lilly claims that the Commissioner's information is unique, in that he can explain how the State's DSS "programs were damaged [by Lilly's conduct] and what the DSS is doing about it . . . ." 10/31/08 Deft. Letter, D.E. #115, at 2. Lilly further complains that the State has failed to produce the text of the Commissioner's legislative testimony and the PDL plan submitted to the legislature. Id. at 2 n.5.

Even where a high-level government official possesses relevant knowledge, courts have granted protective orders where, as here, no showing has been made that the deposition is necessary in order to obtain relevant information that cannot be obtained from another source or in a less intrusive manner. See, e.g., Schiller v. City of New York, No. 04-CIV-7922 (KMK) (JCF), 2006 WL 2708464, at *2 (S.D.N.Y. Sept. 20, 2006); Murray v. County of Suffolk, 212 F.R.D. 108, 109-10 (E.D.N.Y. 2002). Lilly fails to address why the information sought could not be obtained from a Rule 30(b)(6) witness, or by interrogatories. See, e.g., Patterson v. Avery Dennison Corp., 281 F.3d 676, 681-82 (7th Cir. 2002). Nor has Lilly examined Commissioner Starkowski's testimony or the PDL plan, both of which the State is directed to produce by November 12, 2008. Under these circumstances, the Court declines at

this time to order the deposition of Commissioner Starkowski. The State will, however, be precluded from proffering an affidavit from him in connection with any motion for summary judgment and from offering his testimony at trial. See Schiller, 2006 WL 2708464, at *3.

## CONCLUSION

For the foregoing reasons, the Court denies Lilly's request for a deposition of Dr. Marcus and denies without prejudice Lilly's request for Commissioner Starkowski's deposition. The State is ordered to produce Commissioner Starkowski's testimony and the PDL plan by November 12, 2008.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
             **November 6, 2008**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**