UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re: ZYPREXA PRODUCTS LIABILITY
LITIGATION
------------------------------------------------------x
CHARLES CLARK,

        Plaintiff,

    -against-

ELI LILLY & COMPANY,

        Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER
APPROVING EXPERT

04-MD-1596

06-CV-1600

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 1 2 2009 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Plaintiff moves to exclude the testimony of defendant's designated expert, John E. Gerich, M.D. The papers submitted suffice as a basis for decision without need for an evidentiary hearing or oral argument.

Dr. Gerich is offered on the issue of whether Zyprexa caused plaintiff's diabetic condition. The requirements he must meet are as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592-95 (1993). Determining the admissibility of expert testimony is a role assigned to the district court. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The admissibility of expert testimony in this multi-district litigation has been discussed extensively in connection with a previous

1

round of summary judgment motions. *See Souther, et al. v. Eli Lilly & Company*, 489 F. Supp. 2d 230, 281-85 (E.D.N.Y. 2007).

This proposed expert is fully qualified as a distinguished expert on diabetes. His background is, in part, as follows: He graduated from Cornell University with honors in 1965 and received his medical degree from Georgetown Medical School in 1969. He completed an internal medicine internship and residency at D.C. General Hospital and then completed an endocrinology fellowship at the University of California in San Francisco (UCSF). He was appointed to the faculty at UCSF as an Assistant Professor of Medicine in 1974. He completed two years of military service in the Navy at the Naval Regional Medical Center in Oakland, California (1975-1977), after which he assumed a post at the Mayo Clinic as Associate Professor in Medicine, Associate Director of the Clinical Research Center, and Director of the Diabetes Research Laboratory. He was appointed a full tenured professor at the Mayo Medical School in 1980. He was later recruited to the University of Pittsburgh to be Director of the school's Clinical Research Unit and Diabetes Research Laboratory. In 1992, he became the Director the Whittier Research Institute in La Jolla, California. He also held a professorial appointment at the University of California Medical School in San Diego as well as at the Scripps Clinic and Research Institute. In 1995, he moved to his present position as Professor of Medicine, Director of the Clinical Research Center, and head of the Diabetes Research Laboratory at the University of Rochester.

Over his professional career of more than thirty-five years, Dr. Gerich has published more than 500 papers in the area of diabetes and metabolism. He has trained fifty fellows, many of whom have achieved impressive professional successes, including appointment to be the president of the American Diabetes Association, positions as the Chiefs of Medicine or

Endocrinology, and honorariums from the European Diabetes Association. Dr. Gerich has himself received many rewards and served on many boards dealing with diabetes.

The report and opinions of Dr. Gerich are based upon well accepted medical and legal standards. In preparing his report, he relied on his extensive experience and training as a diabetologist. He read some 100 scientific papers on Zyprexa and other atypical antipsychotic drugs, including Clozapine, Risperidone, Quetiapine, Ziprasidone, and Aripiprazole. He has reviewed the medical records of plaintiff Charles Clark, about whom he has proposed to testify. He has appropriately reviewed the documents and depositions relevant to his expert analysis and conclusions.

The motion to exclude Dr. John E. Gerich's testimony is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: May 12, 2009
Brooklyn, New York