| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **MEMORANDUM, ORDER**<br>**& JUDGMENT** |
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION | 04-MD-1596 |
| REGINALD SISTRUNK,<br><br>　　　　　　　Plaintiff,<br>　– against –<br><br>ELI LILLY & COMPANY,<br><br>　　　　　　　Defendant. | 11-CV-2185 |



**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUL 2 6 2011 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Appearances:

For the Plaintiff:

>   Reginald Sistrunk
>   3545 U.S. Highway 29 N.
>   Auburn, AL 36830

For the Defendant:

>   Adam B. Michaels
>   Pepper Hamilton LLP
>   New York, NY
>
>   Nina M. Gussack
>   Pepper Hamilton LLP
>   Philadelphia, PA

1



## I. Introduction

Plaintiff Reginald Sistrunk sued defendant Eli Lilly & Company ("Lilly"), alleging that he contracted diabetes as a result of his treatment with Zyprexa, a drug manufactured by Lilly. Both parties move for summary judgment. For the reasons indicated, plaintiff's motion is denied, and defendant's motion is granted.

## II. Background of Zyprexa Litigation

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa litigation and the numerous substantially similar motions for summary judgment that have been decided, a short, summary order disposing of such motions is desirable except where unusual

circumstances require special analysis. Repeated summary judgment motions and decisions have established a pattern applicable over a wide range of state laws. *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4441-cv (2d Cir. Oct. 4, 2010); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4454-cv (2d Cir. Oct. 4, 2010); *Dean v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying

Florida law and granting summary judgment on learned intermediary doctrine); *Washington v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying Michigan law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4434-cv (2d Cir. Oct. 4, 2010); *Smith v. Eli Lilly & Co.*, 653 F. Supp. 2d 181 (E.D.N.Y. 2009) (applying Arkansas law and granting summary judgment on learned intermediary doctrine); *Pruett v. Eli Lilly & Co.*, No. 07-CV-1931, 2009 WL 2245068 (E.D.N.Y. July 22, 2009) (applying Alabama law and denying summary judgment); *Carey v. Eli Lilly & Co.*, No. 06-CV-2798, 2009 WL 2487305 (E.D.N.Y. July 27, 2009) (applying Virginia law and granting summary judgment on learned intermediary doctrine); *Fuller v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 2485829 (E.D.N.Y. July 31, 2009) (applying California law and granting summary judgment on statute of limitations); *Head v. Eli Lilly & Co.*, 649 F.Supp.2d 18 (E.D.N.Y. 2009) (applying Arizona law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4455-cv (2d Cir. Oct. 4, 2010); *Earl v. Eli Lilly & Co.*, 688 F.Supp.2d 130 (E.D.N.Y. 2009) (applying Alabama law and denying summary judgment); *Belcher v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3597447 (E.D.N.Y. Oct. 16, 2009) (applying California law and granting summary judgment on statute of limitations), *aff'd*, No. 09-5004-cv (2d Cir. Oct. 4, 2010); *Quirarte v. Eli Lilly & Co.*, No. 07-CV-1161, 2009 WL 3597194 (E.D.N.Y. Oct. 16, 2009) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Folse v. Eli Lilly & Co.*, No. 04-CV-1612, 2009 WL 3596526 (E.D.N.Y. Oct. 16, 2009) (applying Louisiana law and granting summary judgment on learned intermediary doctrine); *Blume v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009) (applying California law and granting summary judgment on learned intermediary

doctrine); *Guillen v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 5062114 (E.D.N.Y. Dec. 10, 2009) (applying California law and granting summary judgment on statute of limitations, learned intermediary doctrine, and other grounds), *aff'd*, No. 10-233-cv (2d Cir. Oct. 4, 2010); *Gove v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 5062109 (E.D.N.Y. Dec. 10, 2009) (applying Arizona law and granting summary judgment on statute of limitations, learned intermediary doctrine, and lack of causation), *aff'd*, No. 10-216-cv (2d Cir. Oct. 4, 2010); *Treuchel v. Eli Lilly & Co.*, No. 08-CV-01176, 2009 WL 5216930 (E.D.N.Y. Dec. 21, 2009) (Applying Minnesota law and granting summary judgment on learned intermediary doctrine); *Gurovitsch v. Eli Lilly & Co.*, No. 08-CV-1408, 2009 WL 5125636 (E.D.N.Y. Dec. 29, 2009) (applying Minnesota law and denying summary judgment); *Brown v. Eli Lilly & Co.*, 08-CV-3249, 2010 WL 99391 (E.D.N.Y. Jan. 8, 2010) (applying Mississippi law and granting summary judgment on lack of causation); *Trimble v. Eli Lilly & Co.*, No. 06-CV-3457, 2010 WL 348276 (E.D.N.Y. Jan. 22, 2010) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Abitang v. Eli Lilly & Co.*, No. 06-CV-3456, 2010 WL 331793 (E.D.N.Y. Jan. 28, 2010) (applying Illinois law and granting summary judgment on statute of limitations); *Asbury v. Eli Lilly & Co.*, No. 06-CV-1593, 2010 WL 1292268 (E.D.N.Y. March 30, 2010) (applying Kansas law and granting summary judgment on statute of limitations); *Dixon v. Eli Lilly & Co.*, No. 09-CV-1012, 2010 WL 2039010 (E.D.N.Y. May 19, 2010) (applying New York law and granting summary judgment on statute of limitations); *Carpentier v. Eli Lilly & Co.*, 727 F.Supp.2d 101 (E.D.N.Y. 2010) (applying Oregon law and granting summary judgment on statute of limitations); *Harvard v. Eli Lilly & Co.*, 2010 WL 3257712, No. 06-CV-5335 (E.D.N.Y. Aug. 16, 2010) (applying New Jersey law and denying summary judgment); *Gaskins v. Eli Lilly &*

*Co.*, 2010 WL 4052913.No. 08-CV-5165 (E.D.N.Y. Oct. 14, 2010) (applying North Carolina law and granting summary judgment on learned intermediary doctrine); *Bartlett v. Eli Lilly & Co.*, No. 09-CV-1005 (E.D.N.Y. Oct. 22, 2010) (applying Washington law and granting summary judgment on causation); *Harris v. Eli Lilly & Co.*, No. 07-CV-2168, 2011 WL 182489 (E.D.N.Y. Jan. 20, 2011) (applying Mississippi law and granting summary judgment on learned intermediary doctrine); *Shepherd v. Eli Lilly & Co.*, No. 10-CV-1757, 2011 WL 2516333 (June 23, 2011) (applying Oklahoma law and granting summary judgment on learned intermediary doctrine).

### III. Factual and Procedural History

Plaintiff Sistrunk, fifty years of age, is a resident of Alabama. Pl.s Fact Sheet 1, 2 (Def.'s Ex. A). At some point before 2000, he was prescribed Zyrexa while being treated in a mental institution. *See id.* at 11. In 2000, he was diagnosed with diabetes, elevated triglycerides, and hypertension. *Id.* at 10. He continued to take Zyprexa after receiving these diagnoses. *Id.* at 11.

He alleges that he initiated this case by filing a complaint in 2004. Sistrunk Affirmation 2. To support this allegation, he refers to a letter from an attorney that discusses his "Zyprexa case." Letter from David B. Norris, Norris Law Firm, to Pl. (Aug. 1, 2006) (Pl.'s Ex. C). No exhibit is offered indicating that any claim was filed in 2004.

In April 2005, plaintiff entered a tolling agreement with Lilly. It stated, in part, "[T]his Tolling Agreement shall not revive existing claims, if any, that have expired under the applicable statute of limitations prior to the commencement of the Tolling Period." Tolling Agreement 2 (Pl. Ex. B). In July 2006, Sistrunk joined an action filed with numerous other plaintiffs in the District of Minnesota, which was transferred to the Eastern District of New York by the Judicial

Panel on Multidistrict Litigation. *Davis v. Eli Lilly & Co.*, No. 06-CV-5246 (E.D.N.Y. Sept. 28, 2006, Dkt. No. 2). The case was settled in January 2007. Def.'s Local Rule 56.1 Stmt. 2. Sistrunk opted out of the settlement, and his complaint was dismissed without prejudice. Def.'s Local Rule 56.1 Stmt. 2; Joint Stipulation of Dismissal (Def.s' Ex. D).

Plaintiff, acting *pro se*, filed the complaint that is now before this court on May 2, 2011.

IV. **Law**

  A. **Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 556 F.3d 137, 140 (2d Cir. 2009).

  B. **Governing Law**

A multidistrict litigation transferee court applies the choice of law and statute of limitations rules of the state in which the action was filed. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Because this action was originally commenced in Alabama, the principles on choice of law from that state apply.

  C. **Statute of Limitations**

Under Alabama law, product liability suits are subject to a two-year statute of limitations. *See* Ala.Code 1975 § 6-2-38(l). Because the discovery rule has not been adopted under Alabama

7

law, a cause of action accrues at the time of a manifest injury, regardless of whether a plaintiff is aware of its cause. *See Cline v. Ashland*, 970 So. 2d 755, 773 (Ala. 2007) (Harwood, J., dissenting) (accrual not dependent on when injured person "know[s] . . . cause or origin" of injury), *adopted in Griffin v. Unocal Corp.*, 990 So. 2d 291, 293 (Ala. 2008)).

## V. Application of Law to Facts

Sistrunk's diabetes, allegedly caused by his Zyprexa use, was diagnosed in 2000. His claim was already barred under Alabama's two-year statute of limitations well before the filing of his first claim, whether in 2004 or 2006, and before the execution of his tolling agreement with Lilly in 2005. Because Alabama lacks a discovery rule, the result is the same regardless of when plaintiff learned of any connection between his injuries and his Zyprexa use.

## VI. Conclusion

For the reasons stated above, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: July 25, 2011
Brooklyn, New York