UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**JOSEPH SCOTT DAGLIANO,**

                      **Plaintiff,**            **MEMORANDUM AND ORDER**

       **-against-**                      **07-CV-2199 (JBW)**
                                                   **04-MDL-1596 (JBW)**
**ELI LILLY,**

                      **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On July 11, 2011, *pro se* plaintiff Joseph Scott Dagliano ("plaintiff") served defendant Eli Lilly and Co. ("Lilly") with a request for documents pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"). See Request for Production, attached at p. 51 of Exhibit B to Defendant's Opposition to Plaintiff's Objections ("Def. Opp."), Electronic Case Filing Docket Entry ("D.E.") #59. Lilly served its response on August 5, 2011. See Def. Opp., Ex. B at 59. On September 1, 2011, plaintiff filed a motion objecting to Lilly's response, which the Honorable Jack B. Weinstein referred to the undersigned magistrate for resolution. See Plaintiff's Response to Defendant's Objections ("Pl. Resp."), D.E. #58.

For the reasons that follow, the Court sustains Lilly's objections to plaintiff's request. Plaintiff shall refrain from making further discovery requests directly to Lilly.

## BACKGROUND

In 2007, as part of an ongoing multi-district litigation ("MDL") concerning the anti-psychotic drug Zyprexa, plaintiff filed this personal injury suit against Lilly. See generally Complaint (May 7, 2007), D.E. #1. Recognizing the complex nature of MDLs, Judge

Weinstein had previously ordered that all pretrial discovery in the Zyprexa MDL would be exclusively managed through the Plaintiffs' Steering Committee ("PSC"). See Case Management Order No. 1 (June 15, 2004) ("CMO No. 1") at 37-40, attached as Ex. C to Def. Opp.[1]

**I. Plaintiff's Previous Attempts to Obtain Discovery Directly From Lilly**

In September 2007, plaintiff wrote to Judge Weinstein, seeking information concerning his claims. See Order (Oct. 2, 2007), D.E. #11. In accordance with CMO No. 1, Judge Weinstein referred plaintiff's letter to the PSC, see id., which responded to plaintiff's queries on October 3, 2007. See Letter from James M. Shaughnessy (Oct. 3, 2007), D.E. #21.

Thereafter, plaintiff sought to move to compel Lilly to make initial disclosures under FRCP 26(a)(1). See Order (Oct. 22, 2007), D.E. #18. Judge Weinstein denied the motion on the basis that plaintiff's suit was exempted from FRCP 26(a)(1) because plaintiff was bringing the suit as a *pro se* prisoner. Id. Judge Weinstein further referred plaintiff's initial disclosure request to the PSC "for whatever assistance it can give." Id. On October 30, 2007, James M. Shaughnessy, who served as Plaintiff's Liaison Counsel on PSC II, informed plaintiff that documents and deposition testimony were available for plaintiff to review. See Letter from James M. Shaughnessy (Oct. 30, 2007), D.E. #22.

---

[1] When the original membership of the PSC was revised in August 2006, the revised PSC was referred to as PSC II. See Case Management Order No. 19, D.E. #692, In re Zyprexa Litig., 04-MDL-1596 (JBW).

That same month, plaintiff served Lilly with a Request for Admissions, to which Lilly responded on November 16, 2007. See Def. Opp., Ex. C at 27. Plaintiff objected to Lilly's response on December 10, 2007. See id. at 45-52. On January 25, 2008, the undersigned magistrate judge held a telephone conference with the parties concerning the disputed Request for Admissions. See Calendar Order (Jan. 25, 2008), D.E. #29. In a calendar order issued that day, the undersigned sustained Lilly's objections and informed plaintiff that the PSC was vested with "exclusive coordination of all pretrial discovery in this MDL case." See id. at 2. In addition, due to plaintiff's incarceration, the Court recommended that the discovery deadline be extended so that plaintiff (who was scheduled to be released from custody in July 2008) had sufficient time to access the PSC discovery depository upon his release from prison. See id.

In a letter dated February 3, 2008, plaintiff sought reconsideration of this Court's ruling sustaining Lilly's objections to plaintiff's Request for Admissions. See Letter from Joseph S. Dagliano (docketed Feb. 11, 2008), D.E. #31. In an order declining to disturb its prior ruling, the undersigned magistrate judge emphasized that the limitations imposed by CMO No. 1 applied to all parties, including *pro se* plaintiffs. Memorandum and Order (Feb. 29, 2008) ("2/29/08 M&O"), at 2, D.E. #33. In response, plaintiff wrote to the Court and stated that "plaintiff had no prior knowledge of CMO# one(1) Stipulation prior to the date of filing the request for Admission dated 10.19.2007. For if I had been informed I would have not filed a request for Admissions under Fed. R. Civ P. #36." See Letter from Joseph Scott Dagliano (Mar. 16, 2008), D.E. #34.

**II. Plaintiff's Latest Attempt to Seek Discovery Directly from Lilly**

On July 11, 2011, despite plaintiff's previous acknowledgment that he was aware of CMO No. 1 and its limitations on discovery, plaintiff served Lilly with a request for documents. Lilly served its response on August 5, 2011. On September 1, 2011, plaintiff filed a motion objecting to Lilly's response, which Judge Weinstein referred to this Court.[2]

## DISCUSSION

CMO No. 1 authorizes the PSC to "[i]nitiate, coordinate, and conduct *all* pretrial discovery on behalf of *all Plaintiffs* who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407, which contain any cause of action relating to Zyprexa, whether on an individual or class action basis." See CMO No. 1 at 3 (emphasis added). As this Court previously observed, consolidation of discovery efforts in an MDL is customary and proper. 2/29/08 M&O at 2 (citing Farber v. Riker-Maxson Corp., 442 F.2d 457, 459 (2d Cir. 1971); Vincent v. Hughes Air West, 557 F.2d 759, 773 (9th Cir. 1977); County of Suffolk v. Long Island Lighting Co., 710 F.Supp. 1422, 1425 (E.D.N.Y. 1989) (Weinstein, J.)); see generally In re Genetically Modified Rice Litig., No. 4:06 MD 1811 CDP, 2010 WL 716190, at *2 (E.D. Mo. Feb. 24, 2010) (noting that leadership group of counsel "coordinated pre-trial preparations for all plaintiffs in this litigation"). CMO No. 1 plainly applies to plaintiff's individual personal injury action against Lilly. Further, plaintiff had notice of CMO No. 1 as early as January 2008. Indeed, as of March 2008, plaintiff

---

[2] Although defendant attached a May 13, 2011 Request for Admissions and a July 15, 2011 Request for Interrogatories as exhibits to their Opposition, Judge Weinstein has referred only the July 11, 2011 Request for Production. See Endorsed Order at 1, D.E. #58.

admitted that he understood CMO No. 1's limitations on his ability to personally conduct discovery on Lilly.

Despite plaintiff's knowledge and understanding in 2008, he simply ignored CMO No. 1 -- and this Court's prior rulings in his particular case -- when he served discovery requests directly on Lilly in July 2011.  In his objections, plaintiff argues that he has not been able to successfully obtain discovery through PSC II and requests that this Court authorize him to serve the disputed Request for Production on PSC II.  See Pl. Resp. at 2 ("So, I would like to ask that I be allowed to amend my deficiency in process of service and now submit a copy of my request to the appropriate PSC-II member as prescribed as to CMO#19 and CMO#1.").

Plaintiff misunderstands the nature of the PSC discovery depository.  It is not the PSC's obligation to review plaintiff's Request for Production and retrieve relevant documents in response.  Rather, the PSC merely maintains a clearinghouse for all Zyprexa discovery, from which plaintiff himself can cull relevant documents.  The onus to uncover the requisite discovery for his claims is on plaintiff, not the PSC.  Plaintiff was aware of this fact when, in 2008, this Court extended his discovery deadline to allow plaintiff to obtain computer access to the depository once he was released from prison in July of that year.

Although plaintiff complains that the PSC II members have been unable to assist him, he does not provide sufficient details about the timing and nature of his requests or the nature of the PSC member response.  See Pl. Resp. at 1-2.  Nor does plaintiff explain why he waited until July 2011 to seek discovery.[3]  See Thompson v. Lantz, No. 3:04CV2084, 2010 WL

---

[3] The court file reflects that plaintiff was again incarcerated in August 2010, see Letter from
(continued…)

-5-

5129098, at *2 (D. Conn. Dec. 10, 2010) (*pro se* plaintiff had burden of informing the court why defendants' discovery objections were not justified).

To allow plaintiff now to serve the PSC II with document requests after plaintiff has had more than ample opportunity to access the PSC II document depository would unnecessarily delay the case. See Peavey v. A. Rosenblum, Inc., __ F.Supp.2d __, 2011 WL 2531246, at *4 (E.D.N.Y. June 27, 2011) (noting that although a *pro se* plaintiff's filings are held to a less stringent standard than those drafted by lawyers, a plaintiff's *pro se* status does not exempt that party from complying with relevant rules of procedural and substantive law) (citations and quotations omitted); In re Neurontin Mktg., Sales Practices & Prod. Liab. Litig., MDL Docket No. 1629, 2008 WL 7706612, at *2 (D. Mass. June 19, 2008) (noting in MDL action requiring "orderly management" that "[a] litigant's *pro se* status . . . does not absolve him or her from compliance with the Court's procedural rules or the Rules of Civil Procedure").

---

[3](…continued)
Joseph S. Dagliano (docketed Aug. 26, 2010), D.E. #42, and he apparently has remained in custody since that time. Nevertheless, as Lilly observes, "plaintiff has had at least two years to avail himself of the MDL discovery maintained by the PSC . . . ." Def. Opp. at 2.

-7-

For the foregoing reasons, the Court sustains Lilly's objections to plaintiff's Request for Production of Documents. Further, plaintiff's request to serve the Request for Production of Documents on the PSC II is denied. Plaintiff shall make himself available to Lilly for a deposition. See Minute Entry (July 27, 2011), D.E. # 55.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**September 21, 2011**

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE